JANE A. VAN LOON, Respondent, *v.* AGNES LYONS, Appellant.

In order to give a District Court of the city of New York jurisdiction to issue an attachment, a bond must be given in the form prescribed by the Revised Statutes upon the issuing of an attachment by a justice of the peace (§ 20, chap. 344, Laws of 1857; 2 R. S., 230, § 29), and an attachment issued without such bond, and a judgment founded thereon, are void.

Jurisdiction in an inferior court cannot be established by its assumption thereof, however long continued, without a compliance with the statutory prerequisites.

An attachment was issued by a District Court upon affidavits stating the amount and nature of the debt; that defendant had said she could not pay, had disposed of her property and was about to depart from the State to reside in Canada; and averring that she was about to secrete or dispose of her property for the purpose of defrauding plaintiff. *Held*, that the affidavits were sufficient to confer jurisdiction.

(Argued May 13, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff of the District Court of the city of New York for the seventh judicial district.

This action was commenced by attachment issued upon affidavits of one Stoeller and of plaintiff. The material part of Stoeller's affidavit is as follows:

"Deponent further says, that the defendant owes this deponent rent; * * * * that on the 22d day of April, 1870, this deponent called on defendant and requested the said defendant Lyons to pay him his rent; that the said defendant then and there told deponent that she could not

·pay deponent, and that she had disposed of her property and was about to depart from this State and reside in Canada, and that she was going there very shortly."

Plaintiff's affidavit states " that defendant was indebted to her for rent due in the sum of $116.66, over and above all counter-claims, and that defendant is about to depart from this State, to wit, to Canada, as the defendant has informed this deponent, and that said defendant is about to secrete or dispose of her property for the purpose of defrauding this deponent."

Instead of a bond an undertaking was given, not under seal, by which the sureties undertook that if defendant recovered judgment they would pay the costs awarded and all damages, not exceeding $300. Upon the return day defendant appeared and objected to the jurisdiction, because of the insufficiency of the affidavit and want of a proper bond. The objections were overruled.

*Hubbard Hendrickson* for the appellant. In issuing an attachment the law must be strictly pursued by the court, or there will be no jurisdiction. (Const., art. 6, § 14; *Adkins* v. *Brewer*, 3 Cow., 206; 1 Cowen's Tr., 39, 40, 445; *Bromley* v. *Smith*, 2 Hill, 518; *Stewart* v. *Smith*, 17 Wend., 517; *Waters* v. *Whitamore*, 13 Barb., 634; *Davis* v. *Marshall*, 14 id., 96; *Taylor* v. *Heath*, 4 Den., 592.) The affidavits failed to show an intent to defraud. (Laws 1831, chap. 300, as amend. Laws 1840, chap. 107; *Miller* v. *Brinkerhoff*, 4 Den., 118; *Skinnion* v. *Kelly*, 18 N. Y., 355; *Bascom* v. *Smith*, 31 id., 605; *Kelly* v. *Archer*, 48 Barb., 68.) The giving of a bond was essential to jurisdiction. (Laws 1857, chap. 344, §§ 10, 20; 2 R. S., pt. 3, chap. 2, tit. 4, §§ 29, 35; ·Bennett v. *Brown*, 4 N. Y., 254; *Kelly* v. *Archer*, 48 Barb., 68; *Comfort* v. *Gillespie*, 13 Wend., 404; *Homan* v. *Brinkerhoff*, 1 Den., 185; *Holmes* v. *Carnley*, 31 N. Y., 289; *People* v. *Palmer*, 52 id., 88.)

*Samuel G. Adams* for the respondent. Defendant gave the proper security to obtain the issuing of the attachment.

(Laws 1857, chap. 344, § 21; 3 R. S., 870, § 33; *Foster* v. *Tyler*, 7 Paige, 49; *Wilson* v. *Allen*, 3 How. Pr., 369; *Mayor, etc., of N. Y.* v. *Hyatt*, 3 E. D. S., 166; *Ch. St. Peter* v. *Varian*, 28 Barb., 646.) The construction put upon the act in relation to the District Courts by the justices of said courts, and the practitioners thereof, should not be disturbed by this court. (*McKeen* v. *Delancy's Lessee*, 5 Cranch, 32; *Meriam* v. *Harsen*, 2 Barb. Ch., 270; *Troupe* v. *Haight*, Hopk. Ch., 267; *Earl of Buckinghamshire* v. *Drury*, 2 Edens, 44; *McFernan* v. *Power*, 1 S. & R., 106.) The affidavits on which the attachment was granted were sufficient. (*Rosenfeld* v. *Howard*, 15 Barb., 546; *Conklin* v. *Dutcher*, 5 How. Pr., 386; *Furmon* v. *Walter*, 13 id., 348; *Mayor, etc., of N. Y.* v. *Hyatt*, 3 E. D. S., 166.)

REYNOLDS, C. If Mr. Justice McGuire acquired jurisdiction to issue the attachment, the judgment by law must be affirmed. It was proved by the affidavit of Stoeller that the defendant owed him for rent; that she told him she could not pay; had disposed of her property and was about going to Canada. The affidavit of the plaintiff showed that the amount of the indebtedness was, on the 23d of April, 1870, $116.66, and added that "the said Agnes Lyon is about to depart from this State, to wit, to Canada, as the defendant has informed this deponent, and that said defendant is about to secrete or dispose of her property for the purpose of defrauding the deponent." The allegation of the intent to defraud is positively made by the plaintiff, and with other evidence seems sufficient to confer jurisdiction.

The more difficult question is as to the security given when the attachment was issued, and appears to have been largely considered in the courts below, with at times, as appears from the record, different results. Finally it was determined, that while the security did not conform to the statute, inasmuch as the judges of the District Court of the city of New York had, for about fourteen years, otherwise decided, it would be dangerous to disturb the erroneous decision. We are not

quite prepared to say, that an erroneous assumption of an inferior court as to its jurisdiction, however long persisted in, can establish the fact. We are referred to no case, and we think none can be found, where jurisdiction has been maintained by a long persistence in error, and the law gives it in this respect no sanctity however long submitted to.

It is always more or less dangerous for any persons, in whatever capacity they may act, to violate the law. The results may operate with greater or less severity by reason of the position of the party or of the nature of the illegal act committed. While we agree with the court below, that on the issuing of the attachment in the present case the security given was not in compliance with the law, we distinctly decline to affirm the proposition that long persistence in error in this respect has in itself given any jurisdiction to District Courts of the city of New York, or can have any tendency to shield wrong-doers from the consequence of any unlawful act, if any has been committed. The record does not declare the fact that any other case than the present was ever, under like circumstances or upon a similar state of facts, determined in any of the District Courts of the city of New York, and if we were inclined, we should not be at liberty to pronounce any judgment founded upon any supposed erroneous practice in these courts however long continued. It is no doubt the fact as stated in the opinion of the Court of Common Pleas, that such security as was taken in the present case has been considered sufficient by the District Courts, to authorize the issuing of an attachment, but we can make no determination upon facts coming before us in this form, and it may be suggested that when the Court of Common Pleas came to the conclusion that the security given in this case was not in compliance with the statute, and gave the District Court no jurisdiction, the judgment appealed from should have been reversed and not affirmed, upon a state of facts supposed to exist but not appearing in the record. The statutes out of which this controversy has arisen are certainly very loose in some of their provisions, and obnoxious to the complaint of Lord COKE, in

his time, that many acts of Parliament were drawn by men of very small judgment in the law. It however sufficiently appears that in order to give the District Courts of the city of New York jurisdiction, a bond must be given in the form required by the Revised Statutes, upon application for attachments to be issued by a justice of the peace. (R. S., part 3, chap. 2, tit. 4, art. 2, § 29.) This result must follow or no security whatever is provided for. A bond as we think being required by the statute, no jurisdiction can be acquired unless the statute is complied with.

The judgments of the Court of Common Pleas, and the judgment of the District Court for the seventh judicial district of the city of New York, must be reversed, with costs.

All concur.

Judgments reversed.