GIRAUD FOSTER, PLAINTIFF, *v.* MATTHIAS H. SCHNEI-
DER, THE PELHAM HOD ELEVATING COMPANY
AND OTHERS, DEFENDANTS.

*Mechanics' lien law, chap.* 342 *of* 1885 — *no lien is acquired when the facts, as to the
nature or amount of the materials furnished, or to be furnished, required by sec-
tion* 4 *to be stated in the notice, are falsely stated therein — the claimant cannot
divide one claim by filing several notices.*

Upon an appeal from an order directing the distribution of surplus moneys, arising
in an action to foreclose a mortgage, it appeared that the respondent Margarethe
Clements entered into a contract with the owner of the property to perform the
plumbing of three buildings, to be erected upon the lands incumbered by
the mortgage, for the sum of $2,400; that the work included in the agreement
was not fully performed, and that the value of the services and materials
required to complete the contract was $255 on each one of two of the houses,
and $330 on the other   The respondent filed a separate notice to create a lien
upon each one of the buildings, and the land on which it stood, in each of which
she stated the nature and amount of the labor and services performed and mate-
rials furnished to be "the entire plumbing work, and materials furnished in the
plumbing work, of the new three-story private dwelling-house, amounting to
eight hundred dollars," and "that all the work and materials for which the
claim is made have been actually performed or furnished."

Section 4 of chapter 342 of 1885, creating a uniform system for the entire State,
prescribes that the notice to create the lien shall be filed, and that it shall
state, among other things, "the names and residences of the claimants, the
nature and amount of the labor and service performed or the materials fur-
nished, *or to be furnished,* with the name of the owner, * * * whether
*all the work for which the claim is made has been actually performed or furnished,
and if not, how much of it,* and, also, a description of the property to be charged
with a lien, sufficient for identification."

*Held,* that, as the proceeding is wholly statutory, a claimant who seeks to avail
himself of its benefits must comply substantially with the directions of the statute,
and that the court can no more dispense with the observance of the requirements
above cited than it can with any other direction required by the statute to be
observed for the purpose of creating a lien upon the property.

That, as in this case no attempt was made to conform to them by stating the
amount of work unperformed or unfinished, or that any remained in that con-
dition in either of the buildings, and as the statements contained in the notice
were untrue, no lien was acquired.

*It seems,* that the claimant had no authority to divide or separate the contract and
file separate notices as to each house; and her action in this respect was, to say
the least, irregular.   (Per DANIELS, J.)

- APPEALS by James H. Lee and others, The Pelham Hod Elevating Company, and William Willkening, from an order made at a Special Term and entered in the office of the clerk of the city and county of New York on August 1, 1888, affirming the report of a referee appointed in this action, directing the distributing of surplus moneys arising therein from the sale of mortgaged premises.

*John E. Eustis, Tallmadge W. Foster,* and *Lambert S. Quackenbush,* for Pelham Hod Elevating Company and others, appellants.

*Ed. J. Anderson,* for M. Clemens, respondent.

DANIELS, J. :

The right of the appellants to successfully contest the disposition of the surplus moneys in controversy depends upon the fact whether the respondent, Margarethe Clemens, acquired a lien under chapter 342 of the Laws of 1885, for the value of the services rendered and the material supplied by her, in performing the plumbing work in the buildings standing upon the land sold under the mortgage. She had entered into a contract with the owner of the property to perform the plumbing in the buildings for the sum of $2,400. There was but one contract made and entered into for this object, and it included the three buildings upon the land incumbered by the mortgage. The work included in the agreement was not fully performed, but the value of the services and materials required to complete the contract was found by the referee to be the sum of $860, being $255 on each one of two of the houses and $330 on the other. But it does not appear from anything in the case that the omission of the respondent to complete the work according to the contract deprived her of the right to recover the value of the services and materials which had already been performed and used. No default on her part was shown or found by the referee, and as the case appeared in her favor, she was entitled to recover by complying with the statute for the value of the services and materials according to the contract-price which had been rendered and furnished under her agreement. But as the agreement appears to have been entire and not divisible between the buildings upon the land, the notice required to create

the lien, under the language of the statute, should have included the three buildings, stating and describing the amount of work and material which had been performed under the agreement upon each one of the buildings. That course was not taken by the respondent, but a separate notice was filed to create a lien upon each one of the buildings and the land on which it stood. In this respect the proceeding was irregular, to say the least, for the respondent had no authority to divide or separate the contract, and her right to compensation under it in this manner. But this may be no more than an irregularity, inasmuch as the court would probably have the power of consolidating the three separate proceedings into one action, and thereby avoid the division of the contract into three separate subjects when that had not been provided for by the agreement.

But a more serious difficulty is presented by the notices themselves, which were filed in the office of the county clerk to create the lien, in favor of the respondent for her services and materials performed and used about the buildings. In her notices she has stated the nature and amount of the labor and services performed and materials furnished to be "the entire plumbing work and materials furnished in the plumbing work of the new three story private dwelling-house, amounting to the sum of $800." And it was further stated "that all the work and materials for which the claim is made has been actually performed or furnished." The claim in each instance was for one-third of the entire contract, and each notice stated that all the work and materials for which the claim was made had been performed or furnished. This was not a truthful statement, for, as it has already been said, services and materials of the value of $255 were still required to complete the plumbing work of each of two of the houses, and of the value of $330 to complete the other of the houses. And the referee has found that the statement made by the respondent that the plumbing work on each building was to amount to the sum of $800, and that the work itself had all been performed, and the materials had been furnished, were each untrue. And the question accordingly is presented whether, upon this untruthful statement contained in each of the notices, a lien upon the property was acquired in favor of the respondent.

Section 4 of chapter 342 of the Laws of 1885, creating a uniform system for the entire State, has prescribed when the notice to create the lien shall be filed, and what it is to contain. These notices were filed within the time mentioned in the statute, and are free from objection in that respect. But this section of the statute has required the notice to contain "the names and residences of the claimants, the nature and amount of the labor and services performed, or the materials furnished or to be furnished, with the name of the owner, lessee, general assignee or person in possession of the premises, against whose interest a lien is claimed, the name of the person or persons, firm or firms, corporation or association by whom he was employed, or to whom he furnished or is about to furnish such materials, or whether all the work for which the claim is made has been actually performed or furnished, and if not, how much of it; and, also, a description of the property to be charged with a lien sufficient for identification." The claimant, in this instance, failed in the notices to say that the work for which the claim was made had not been wholly performed or furnished, and failed to say how much of the work under the contract still remained unperformed; and untruthfully stated that it had all been done, entitling her in the aggregate to the moneys payable for the full performance of her contract. In these respects the notice failed to comply with the directions contained in the statute. They should have stated the extent of the services performed, and of the materials used and the residue of the work remaining to be performed to finish and complete the plumbing of the buildings. The legislature has required this to be done in clear and direct language. And it is one of the directions to be observed by the claimant to insure the creation of a lien for the amount of the indebtedness upon the property benefited by the work and material. It cannot be said that a misrepresentation of this description would not invalidate the proceeding, for the legislature, as a part of the proceeding by which the lien is to be secured, has provided otherwise. It was intended in this manner to exact a truthful statement of the facts to be contained in the notice; and that probably was intended should be for the benefit of other claimants as well as of the owner of the property, and the truthful information of the court; and the courts can no more dispense with the observance of this requirement in the making and

filing of the notice than they can with that of any other direction required to be observed for the purpose of creating a lien upon the property. By section 25 of the act it has been declared to be a remedial statute, to be construed liberally to secure the beneficial interests and purposes thereof; and a substantial compliance with its several provisions are made sufficient for the validity of the lien, and to give jurisdiction to the courts to enforce the same. But here was not even a substantial compliance; for no statement whatever was made of the amount of work or material still necessary to complete the plumbing of either of these buildings; but, on the other hand, it was untruthfully stated that all the work had been performed and all the material had been supplied, entitling the respondent to recover the full contract-price mentioned in her agreement with the owner of the property. There was, therefore, no compliance with the provisions of this act, but, on the other hand, a substantial departure from what the law had declared to be requisite to complete the notice which it was provided should be filed to create a lien under its provisions.

This proceeding is wholly statutory, and, to entitle a claimant to its benefits, the directions of the statute must be substantially observed; if they are not the lien cannot be secured, and the court has no power or authority to sustain the proceeding, for that a substantial compliance with the requirements of the statute is necessary to confer jurisdiction, and when that may be omitted in any essential particular, as it was in this case, the benefit secured by the statute cannot be obtained (*Brown* v. *Mayor, etc.,* 6 N. Y. Sup. Ct. [T. & C.], 164; *Van Loon* v. *Lyons,* 61 N. Y., 22; *Burrows* v. *Ford,* 2 Seld., 176; *People ex rel. Allen* v. *Knowles,* 47 N. Y., 415; *Davidsburgh* v. *Knickerbocker Life Ins. Co.,* 90 N. Y., 526) where it was said that when the statute " prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact." (Id., 530.)

The provisions of this section of the act are entirely plain and may be complied with without the least difficulty, but in this case no attempt was made to conform to them by stating the amount of work unperformed or unfinished, or that any remained in that condition in either of the buildings. The statement, on the contrary,

**156**  FOSTER *v.* SCHNEIDER.

was untruthfully made, that all the work and materials for which the sum of $800 was claimed had been actually performed or furnished. This was not only a clear and distinct omission to comply with what the law had directed should be observed, but, in addition to that, a materially untruthful statement was made in each of the notices to avoid complying with this direction of the law, which was deceptive of itself, and may very well have been injurious to the other persons having claims under the statute against this property The order from which the appeal has been brought should, accordingly, be modified by postponing the payment of the amounts found owing to the respondent, until after the liens found to have been created in favor of James H. Lee and others, The Pelham Hod Elevating Company and William Willkening, shall have been paid and satisfied. Neither of the other parties affected has complained of the conclusion of the referee or of the order directing the distribution of the surplus moneys, and as to them no change can be made in these directions, but, as to the parties appealing, they are entitled to be paid in the order mentioned by the referee in his report, and in the order confirming it, prior to any payment being made to the respondent.

In this respect the order should be modified, with ten dollars costs in favor of the appellants and against the respondent, and also for their disbursements.

Van Brunt, P. J., concurred; Bartlett, J.. concurred in the result.

Order modified as directed in the opinion, with ten dollars costs for appellants and disbursements.