## McMECHAN v. BAKER.

### (City Court of Brooklyn, General Term. November 24, 1890.)

MECHANIC' LIENS—PROCEEDINGS TO PERFECT—STATEMENT OF CLAIM.

Plaintiff agreed to do the carpenter work on nine houses owned by defendant within a certain time for the sum of $1,665, defendant to furnish the materials. Within the time agreed the work was completed, except work of the value of $75, which plaintiff did not complete because of defendant's failure to furnish materials. *Held,* that notice of a mechanic's lien "for labor and services performed," filed thereafter, was valid, under Laws N. Y. 1885, c. 342, § 4, which requires such notice to state "whether all the work for which the claim is made has been actually performed or furnished, and, if not, how much of it;" as the work had been substantially performed. *Foster* v. *Schneider,* 2 N. Y. Supp. 875, distinguished.

Appeal from special term.

Action by Thomas McMechan against William H. Baker for foreclosure of a mechanic's lien. At the trial by the court without a jury, it appeared that plaintiff and defendant entered into a contract, whereby plaintiff agreed to do the carpenter work, for which defendant was to furnish the materials, on nine buildings to be erected on premises owned by defendant, for $1,665, the work to be completed within four months from July 15, 1889; that plaintiff completed the work within that time, except work amounting in value to $75; and that his failure wholly to complete the work within the time limited was caused by the failure of defendant within the proper time to furnish the materials necessary. Plaintiff filed his lien November 7, 1889, but continued the work for several days afterwards, and then abandoned it on the ground that defendant had not furnished sufficient materials. The notice of lien filed by plaintiff stated "that the nature and amount of the labor and service performed, furnished, is as follows: Labor and services in the erection of nine dwelling-houses upon the under-mentioned property, pursuant to a contract entered into by and between said owner and this claimant, by which said owner agreed to pay me the sum of $1,665, of which he has paid only $1,159, leaving still due and owing me the sum of $506 upon said contract; also extra work, by agreement, to amount to $94,—making a balance of $600 that is due and owing to me." Laws N. Y. 1885, c. 342, § 4, providing for the filing of notice of a mechanic's lien, requires such notice to contain a statement "whether all the work for which the claim is made has been actually performed or furnished, and, if not, how much of it." On trial by the court without a jury, judgment was rendered for plaintiff. From the judgment defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

J. C. & H. Smith & Koepke, for appellant. Benjamin W. Downing, for respondent.

VAN WYCK, J. It seems to us that the mechanic's lien in this case was regularly and properly filed under Laws 1885, c. 342. The work, under the contract, was substantially performed, and the finding of the court shows that it would have been literally performed if defendant had not refused to supply the materials according to his contract. This view is not in conflict with the decision in *Foster* v. *Schneider,* 2 N. Y. Supp. 875, for in that case the work required by the contract was only about half done, and the lien alleged it was entirely completed, and, to entitle one under section 4 of the statute to file a lien in such case, it must contain a statement of the work performed.

and unperformed. It seems to us that defendant should have been credited with $30 payment on the extra work, according to the testimony of both parties. Judgment should be reduced $30, and affirmed as modified, without costs.