BRANDT *v.* VERDON *et al.*

*(Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. MECHANICS' LIENS—NOTICE—PARTIAL COMPLETION OF WORK.

Laws of New York requiring a person claiming a mechanic's lien to state the extent of services performed, materials used, and residue of the work remaining to be performed, must be strictly pursued, so that a notice of a lien for partially completed work, which states entire completion thereof, is void.

2. SAME—COMPLETION OF SOME OF SEVERAL CONTRACTS.

But a notice of lien which sets out several contracts, and alleges completion of all, will not be vitiated as to the completed contracts by the fact that one of the contracts set out remains incomplete.

Appeal from judgment on report of referee.

Action by William H. Brandt against William Verdon, Lizzie M. Moses, and others to enforce mechanics' liens. From a judgment for plaintiff, and for defendants Verdon and others, defendant Moses appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Putney, Bishop & Slade, (Sidney H. Stuart,* of counsel,) for appellant, Lizzie M. Moses. *George W. Carr,* for plaintiff respondent. *Thomas C. Ennever,* for defendant respondents, Verdon and Knapp.

BOOKSTAVER, J. The defendant and appellant, Moses, in 1887 and 1888 was the owner of certain property in West 134th street, on which she erected five houses. The plaintiff and the other defendants were mechanics who did certain work and furnished certain material on those houses. The respondents Verdon and Knapp had commenced their separate action to foreclose their lien, but by an order of this court their action was consolidated with the plaintiff's, and they thereafter served a proper answer in that action. The issues so joined were referred to Walton Storm, Esq., to hear and determine, and after hearing the evidence he reported in favor of all the lienors for amounts somewhat less than claimed by them respectively. On the argument appellant's counsel did not specially point out any errors committed by the referee in the admission or exclusion of evidence, nor has he done so in his brief. We have not, therefore, deemed it necessary to examine the exceptions to such admission or exclusion in detail.

The plaintiff Brandt filed his notice of lien on or about March 9, 1888, which contains the following: "The nature and amount of the labor and services performed and the materials furnished are as follows: That on or about the 10th day of November, 1887, the said William H. Brandt entered into three several contracts with Lizzie M. Moses to do the slating, tinning, and iron

work on the premises hereinafter mentioned and described, and said Moses promised and agreed to pay for said work the sum of twelve hundred and fifty dollars. That said William H. Brandt has actually done said work on said premises. That said Moses has paid on account of said contracts the sum of $340, and there still remains due and unpaid the sum of $910." The complaint, in substance, alleges the same thing. The referee has found, however, that instead of three there were four separate contracts, which in the aggregate amounted to the sum of $1,250; but the appellant has made no point of this variance, and we do not see that it could have been of any material injury to her. The referee has further found that two of the contracts were partly in writing and partly verbal, and the other two were wholly in parol. He has also found that 75 per cent. of the amount of each contract was to be paid as the work advanced. To these findings the defendant Moses excepted, and on this appeal contends that the referee erred in this respect, especially as to the two contracts which she claims were wholly in writing; but what are called "contracts" consisted of letters which are only estimates by the plaintiff as to what certain work would cost, and acceptances by her of those estimates. None of them in any way mention the terms of payment, and it is quite probable these were agreed on verbally, as the plaintiff testified. There certainly is not that preponderance of evidence in favor of the appellant which would lead us to reverse the referee's conclusion on these questions.

The referee has further found that the first, second, and fourth contracts were performed, with some trifling exceptions, for which proper deductions were made, and that they were not fully performed on account of defendant's neglect. The evidence as to the performance was very contradictory, but we see no reason for disturbing his findings in respect to these contracts.

The third contract was one by which the plaintiff agreed to put up three bay-windows on the houses in question, according to plans submitted to him, for the sum of $490, payable as the others were. From the evidence it appears that the plans for these windows, as filed with the building department, were in accordance with the building law, requiring iron frame-work for the bays, but that the plans given to the plaintiff only called upon him to re-cover wooden frame-works with iron, making an outward appearance in conformity with the law, but in reality evading it. This, we think, must have been known to the plaintiff to have been an evasion. But, in the view we take of this case, it is not necessary for us to decide now whether or not a mechanic will be permitted to acquire a lien for work done by him contrary to law, and in order to evade it; for the referee has found the work called for under this contract was not fully completed, but that nearly one-third was left undone. He also fails to find that what was done was done in a good and workmanlike manner, and in his opinion says it was not. He, however, finds that, as the plaintiff at all times was ready and willing to complete the contract if the defendant would pay him according to its terms, he should have a lien for the amount of work actually performed by him, which he found to be $332. This is in conformity with the law. *Haden* v. *Coleman*, 73 N. Y. 567; *Graf* v. *Cunningham*, 109 N. Y. 369, 16 N. E. Rep. 551. This raises the only real questions of law in this branch of the case. As before stated, the plaintiff, in his notice of lien, claimed he had "actually done said work on said premises," meaning that he had done all the work required by his contracts, and further claimed that there remained "due and unpaid the sum of $910," being the full contract price for all the work. These statements, in view of the referee's findings, are evidently untrue. All the work had not been done, and there was due on this contract, for all the work done by him under it, only $322, instead of $490, the contract price. Under precisely this state of facts, the supreme court, in *Foster* v. *Schneider*, (Sup.) 2 N. Y. Supp. 875, held that, where the whole of the work had not been performed, it was requisite

that the notice of lien should state that fact, and state how much had been performed, and that a failure to conform to the statute in that respect made the filing of the notice invalid, so that it created no lien. This decision was followed by this court in *Close* v. *Clark,* (Com. Pl.) 9 N. Y. Supp. 538, and the same doctrine was announced in *Luscher* v. *Morris,* 18 Abb. N. C. 67. We consider the rule extremely salutary and useful, in order that all parties may be apprised of the true state of affairs. In the case first cited, DANIELS, J., delivering the opinion of the court, referring to the notices of lien, said: "They should have stated the extent of the services performed, and of the material used, and of the residue of the work remaining to be performed. * * * The legislature has required this to be done, in clear and direct language. And it is one of the directions to be observed by the claimant to insure the creation of the lien for the amount of the indebtedness upon the property benefited by the work and material. * * * It was intended in this manner to exact a truthful statement of the facts to be contained in the notice, and that probably was intended for the benefit of other claimants as well as of the owner of the property, and the truthful information of the court; and the courts can no more dispense with the observance of this requirement in making and filing the notice than they can with any other direction required to be observed for the purpose of creating a lien upon the property." And again: "This proceeding is wholly statutory, and, to entitle a claimant to its benefits, the directions of the statute must be substantially observed. If they are not, the lien cannot be secured, and the court has no power or authority to sustain the proceeding; for a substantial compliance with the requirements of the statute is necessary to confer jurisdiction, and when they are omitted in any essential particular, as they were in this case, the benefit secured by the statute cannot be obtained,"—citing authorities. Notwithstanding this clear and explicit language,—even repeated, to give it emphasis,—plaintiff's counsel contends that the learned judge did not mean what he says; for in that case he did not entirely vacate the lien, but merely subordinated it to the other liens. The reason for this is apparent from the decision, where it says, (page 878:) "Neither of the other parties affected has complained of the conclusion of the referee, * * * and as to them no change can be made; * * * but, as to the parties appealing, they are entitled to be paid in the order mentioned by the referee in his report, * * * prior to any payment being made to the respondent." That is to say, those who did not complain by appeal were not entitled to relief at the general term. But, if language means anything, he did decide that as to those who had appealed the lien was void. We therefore conclude that the referee erred in allowing a lien to the amount of $332 under the third contract.

But this conclusion raises another question, and that is whether or not the notice, being inoperative to effect a lien under the third contract, is sufficient to create a lien under the other contracts. As far as we are aware, this question has never been determined. In all the cases before cited the notices were founded upon single contracts, although in *Foster* v. *Schneider, supra,* separate liens were filed upon each house, and the court strongly criticised such a course. In this case, however, there were four separate contracts, and but one notice, in which the various contracts were mentioned. It would have been proper to have filed separate notices under each contract. Had this been done, the notice actually filed would have complied with the statute as to the first, second, and fourth, and failed as to the third. Consequently, neither the owner nor any of the lienors could have been misled as to the performance of these contracts; in fact, as found by the referee, it was correct as to them. The plaintiff followed the better practice in filing but one notice for all the liens, and should not fail in three because the notice was misleading as to a fourth. We think justice and equity will be done by holding the notice good as to the first, second, and fourth contracts, and bad as

to the third. But, for the error before pointed out, the judgment, so far as it affects plaintiff's claim, must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff within five days elects to reduce the sum awarded him by $332 as of the date of the entry of the judgment, together with any interest which may have been added on so much of the award on the entry of judgment, and, if so reduced, the judgment as to the plaintiff should be affirmed, without any costs of this appeal to either party.

As to that branch of the case which refers to the defendants Verdon and Knapp, appellant urged the same defective notice; but this, we think, was not sustained, for their notice did comply with the statute, in that it stated the nature and amount of the work to be performed and materials to be furnished, and that all of it had been done and furnished except $200 worth, which had not, and contained a detailed statement of what had and had not been done or furnished. These defendants had the contract for doing the plumbing and gas-fitting in these buildings, and the laying of sewer pipes, etc. One of the principal objections to the work done by them under this contract was in respect to the way they had laid the drain and sewer pipes, and that it was not done in a good and workman-like manner, nor according to the specifications of the contract. The evidence does undoubtedly tend to show that when this work was done it exhibited serious defects, which caused the water to back up, and in certain instances to overflow the cellar, or a portion of it. This work was all included under that portion of the contract, upon the completion of which the first payment became due; and the referee has found that the defendants performed their work in accordance with the plans and specifications, and that the same was approved by the board of health, and has also found that the work was approved by the architect, and a certificate therefor was given to the defendants. It is true that all of these findings are controverted by the defendant appellant; but we think that the evidence, if not conclusive, was at least sufficient to warrant his findings in that respect, and we will not disturb them.

The next important objection urged against the work done by the defendants was the imperfect manner in which the leaders to the houses were put up, and the failure to properly pack the pipes in mineral wool, and in consequence thereof the pipes burst or leaked, and damage was done to the building. The evidence tends to show that the packing of the pipes in mineral wool was not required by the defendant Moses, but that she, through her agent, modified the contract and altered the specifications in such a manner that the defendants Verdon and Knapp could not pack the pipes with mineral wool, and that such non-packing of the pipes was not only consented to by the defendant Moses, but that it was through her own acts and directions given by her agent that the defendants Verdon and Knapp could not pack the pipes in this manner; also, that the defendants Verdon and Knapp placed the pipes in position in accordance with the modifications of the contract, and that the bursting and consequent leakage was not caused by any negligent or unskillful workmanship on their part, but in consequence of the unfinished condition of the houses, and because they were not properly taken care of by the defendant Moses. The referee has found that all the work was done in a skillful and workman-like manner, and that the reason for the non-performance of certain of the work was because the defendant Moses did not furnish the material which she, by the contract, was to have furnished, and also by reason of her non-payment of the installments as they fell due. The appellant contends that she was justified in not making the second and third payment because of the refusal of the architect to give the proper certificates. But the referee has found, and we think upon sufficient evidence, that the defendant Moses, through her agent, waived the certificate as to these payments; and from the evidence of the architect it seems to us that his ob-

jection to the giving of the second certificate was for trifling matters, the performance of which, as before stated, the defendant Moses waived. The non-payment of the second installment according to the terms of the contract relieved him from going on with the work contemplated under the third payment, and the referee properly found the amount of work which he had actually done under that part of the contract. *Haden* v. *Coleman* and *Graf* v. *Cunningham, supra.* We therefore think there is no error in regard to his conclusions as to the claim of Verdon and Knapp, and that the judgment as to them should be affirmed, with costs to the respondents. All concur.