Jacob Ringle and Another, Respondents, v. The Wallis Iron Works, Appellant, Impleaded with Another.

76   449
149a 439
76   449
30ap275
76h    449
81 AD 468
81 AD 469

*Mechanic's lien — invalidated by a false statement therein.*

A mechanic's lien, in which it is knowingly and falsely stated that all of the work has been performed and materials furnished pursuant to the contract, and that the whole amount of the contract price is due, is invalid.

Appeal by the defendant, The Wallis Iron Works, from a judgment of the Supreme Court in favor of the plaintiffs entered in the

office of the clerk of the county of New York on the 12th day of July, 1893, upon the decision of the court after a trial at the New York Special Term.

In 1891 the Southern Pacific Company was the lessee in possession of pier No. 37, North river, upon which there was a shed, and on the 16th of June, 1891, the corporation entered into a written contract with the Wallis Iron Works by which the latter agreed to construct an extension of said shed according to the specifications contained in the contract. The first specification, of which the following is a copy, is the one over which this litigation arises:

"*First.* That, in consideration of the payments hereinafter agreed to be made by the steamship company, the iron works hereby covenants and agrees to construct, deliver and erect all the iron work, and furnish and put in place all I. C. and I. X. tin roofing, laid on rosin-sized roof paper, and painted one good coat below and two coats on top, and securely fastened, that may be required for the extension of shed on pier 37, North river, in the city of New York; *and to make two (2) new openings in present shed, as shown on blue print hereto annexed, including the frames and doors — said new openings being two (2) new gangway openings, as shown (one on each side), which are to be cut in present shed.*"

For the performance of the contract the Wallis Iron Works was to receive $17,500, one-half upon notice that it had shipped the iron required for the pier, and the remainder on the performance of the contract, which was to be completed within eight weeks after the Wallis Iron Works was notified to begin work.

On the 16th of July, 1891, the Wallis Iron Works entered into a written contract with the plaintiffs under their firm name of Jacob Ringle & Son, by which the latter agreed to construct certain iron work required for the pier according to specifications annexed to and forming a part of the contract. One of the specifications is an exact copy of the first specification contained in the contract between the Southern Pacific Company and the Wallis Iron Works above quoted. For the work to be performed by the plaintiffs they were to be paid $3,259, as follows: "As and when said party of the first part shall receive payments under its said contract for their work, including work done or materials furnished under this contract, it will pay to said parties of the second part the same proportion of

such payment as the work of the parties of the second part, included in the estimate upon which such payment shall be made, bears to the whole amount of such estimate."

The contract contains a provision that in case Jacob Ringle & Son should neglect, refuse or fail to employ a sufficient number of skilled workmen, or to furnish promptly the required materials, or should neglect, refuse or fail to complete the work, the Wallis Iron Works might complete it and charge the expense thereof to the contractors and deduct it from any unpaid balance due under the contract. The plaintiffs were to complete their work within eight weeks after notification that the pier was ready for them. October 20, 1891, the notice was given and they immediately commenced work and finished December 30, 1891, something more than eight weeks after the notification.

November 11, 1891, the Wallis Iron Works was paid by the Southern Pacific Company $8,750, and April 30, 1892, $8,750, making the total contract price of $17,500.

On February 16, 1892, the plaintiffs filed a mechanic's lien, and, on the nineteenth of the same month, served copies thereof on the defendants. In the notice of lien the claimants asserted that they had furnished all of the materials and performed all of the labor required by their contract, and that there was due them from the Wallis Iron Works $3,259, the full contract price. It was also stated that the last work was performed and materials furnished on or about January 29, 1892.

April 1, 1892, the Wallis Iron Works gave a bond and procured the lien to be discharged from the pier, pursuant to the 6th subdivision of the 24th section of the Lien Law. May 5, 1892, this action was begun.

*William G. Wilson,* for the appellant.

*E. L. Collier,* for the respondents.

Follett, J. :

This action was brought for the foreclosure of the mechanic's lien filed by the plaintiffs on the pier, and the defenses interposed by the appellant are : (1) That the plaintiffs refused to perform their contract according to its terms, and that the Wallis Iron Works was

compelled to and did complete the contract at its own expense; (2) that the statement in the notice of lien filed that the plaintiffs had peformed the work and furnished the materials in accordance with the contract was untrue; (3) that when the lien was filed and when this action was begun the Wallis Iron Works had received no payment from the Southern Pacific Company for work done nor for materials furnished by the plaintiffs.

The court found : " That the plaintiffs did not make the two new gangway openings in the old portion of the shed, including frames and doors," required by the specifications which are a part of the contract. There seems to have been no reasonable excuse for the failure of the plaintiffs to do this work. The requirements of the contract are plain and specific, and one of the plaintiffs testified that they did not perform this work, but why they failed to do it does not appear. One of the plaintiffs testified that the cost of completing the contract would not exceed thirty-five dollars, but the treasurer of the iron works testified that it cost the corporation $121.90 to complete it. The plaintiffs in their notice of claim asserted that they had performed their whole contract, and that there was due them the full contract price ($3,259), while the fact was, as testified to by one of the plaintiffs, and as found by the court, that the contract had not been performed and that there was not due from the Wallis Iron Works to the plaintiffs the full contract price. A mechanic's lien in which it is knowingly and falsely stated that all of the work has been performed and materials furnished, pursuant to the contract, and that the whole amount of the contract price is due, is invalid, unless the mis-statement is an unimportant one. (*Foster* v. *Schneider*, 50 Hun, 151; *Close* v. *Clark*, 16 Daly, 91; *Brandt* v. *Verdon*, 44 N. Y. St. Repr. 885.) By reason of the mis-statement the plaintiffs failed to acquire a valid lien upon the pier, and it was error for the court to hold that a lien was acquired and that the bond given to discharge it might be enforced. By section 15 of chapter 342 of the Laws of 1885 — the Mechanic's Lien Law — it is provided that in case the plaintiff fails to establish a valid lien under the act he may nevertheless recover in an action brought to foreclose the lien, the amount due him from the defendant the same as though the action had been brought on the contract for the recovery of the contract price. In the contract between

these litigants there is a clause which provides that, in case of the failure of the contractors to perform their contract, the Wallis Iron Works might complete it and charge the expense thereof to the contractors. There is evidence in this case showing that the Wallis Iron Works, instead of abandoning the contract and declaring it at an end, gave notice to the plaintiffs that they would complete it and charge them with the cost, and that in pursuance of this clause and the notice, the work was so completed. The defendant having done this was liable for the contract price less the sum expended by it in completing the work, which is shown to have been $121.90, but, by an error in addition, it was found by the court to have been $111.90, an error of ten dollars against the appellant.

The court found that "the Wallis Iron Works did not receive any payments under its contract with the Southern Pacific Company for work, which included work done or materials furnished under its contract with the plaintiffs, until April 30, 1892." Under the terms of the contract between these litigants, the plaintiffs were not entitled to recover any part of the contract price until the Wallis Iron Works had received payments "for work done or materials furnished under this (plaintiffs') contract," but, notwithstanding this, the court awarded interest on the sum which it found due from December 30, 1891, which was error.

The judgment should be modified by striking therefrom (1) the part thereof which declares that the plaintiffs acquired a valid lien by virtue of their notice filed; (2) ten dollars, the error in addition, should be deducted from the plaintiffs' claim; (3) the interest on $3,137.10 should be allowed from April 30, 1892, instead of from December 30, 1891, and, as modified, the judgment should be affirmed, without costs.

VAN BRUNT, P. J., concurred.

Judgment modified as directed in opinion and as modified affirmed, without costs.