### TIBBITS v. PHIPPS et al.

(Supreme Court, Appellate Division, Second Department.   May 24, 1898.)

1. MECHANIC'S LIEN—NOTICE.
     The fact that a notice of mechanic's lien, filed before the completion of the
     work, includes in the total amount unpaid all that is to become due, as well
     as what is already due, furnishes no ground for objection, if it correctly states
     how much of the total belongs to each class, for this is just what the statute
     (Laws 1885, c. 342, § 4) requires; and, in any event, being truthful and ac-
     curate, it could not fall within the condemnation visited upon knowingly
     false statements.

2. BUILDING CONTRACT—CONSTRUCTION.
     In an action involving the construction of a reference in a building contract
     to "partitions," it was *held* that the term was not intended to apply to "cellar
     partitions" subdividing the cellar to make coal boxes for different tenants.

3. SAME—ARCHITECT'S CERTIFICATE—EVIDENCE.
     In determining whether the refusal of an architect to give a certificate re-
     quired under the terms of a building contract as a condition precedent to the
     contractor's right to demand payment was unreasonable and unjustifiable,
     conversations of the architect with the builder and his workmen, at the time
     he was acting on the subject-matter, and tending to show improper reasons
     for the refusal, are competent as part of the res gestæ.

4. OPINION EVIDENCE.
     At the trial of an action involving the character of the work done under
     a building contract, a witness was allowed to testify that he had heard the
     evidence of the plaintiff as to the manner in which a certain corner post had
     been set, and that, if it was so set, the work was properly done.  *Held*, that
     the admission of such evidence was reversible error.

Appeal from judgment on report of referee.

Action by Fay E. Tibbits against Edward L'Estrange Phipps and
others.   From a judgment in favor of plaintiff, entered on the report
of a referee, Phipps appeals.   Reversed on condition.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Isaac N. Mills, for appellant.
W. R. Spooner, for respondent Tibbits.
Frank A. Bennett, for respondents Burton and Phillips.

CULLEN, J.   This action is brought to foreclose a mechanic's lien.
The first objection raised to the recovery of the judgment is that
the plaintiff's lien was not valid, because filed for a largely excessive
amount.   When the plaintiff had proceeded with the building so
far as to reach his third payment under the contract, a dispute arose
between him and the owner as to the character and details of the
work.   The appellant refused to make the payment, and the plain-
tiff refused to proceed with the building.   Thereupon the plaintiff
filed his notice of lien, wherein he stated that the labor and services
were performed and materials were furnished in the erection of
the building pursuant to a contract, and that the amount unpaid un-
der the contract was $2,400, of which $1,300 was then due, and $1,100
would become due on its completion.   We think that the notice was
in exact compliance with the statute.   But, however that may be, it
stated truly and accurately the facts, and therefore is not subject to

the condemnation passed in Foster v. Schneider, 50 Hun, 151, 2 N. Y. Supp. 875, and Ringle v. Iron Works, 76 Hun, 449, 28 N. Y. Supp. 107.

2. Under the contract, the second payment became due to the contractor when the building was "ready for lathing, roof on, and partition set." When the third payment was claimed, the appellant resisted payment, on the ground that the cellar partitions had not been erected as required by the contract as a condition for the second payment. As the appellant made the second payment without objection, it may be that he waived the builder's default. But I think there was no default. The term "partitions" did not include the partitions in the cellars. The latter were not partitions of the building itself, but mere subdivisions of the cellar to make coal boxes for different tenants. This is conclusively shown by reference to the specifications, which draw a distinction between partitions and cellar partitions; and the appellant's architect testified that the specifications as to the former did not relate to the latter. We think the testimony of the builders to the effect that the cellar work is ordinarily the last done in the course of construction was competent, so as to explain the meaning of the term "partitions" in the contract. However, if incompetent, it worked no harm, as the evidence of the defendant's architect settled the question.

3. The architect condemned the plaster in the building. The referee found, and the evidence was ample to support the finding, that the plaster was good, and in substantial compliance with the specifications. The contract required the plaintiff to obtain the architect's certificate as a condition precedent to his right to demand the payment. The referee has further. found that the architect's refusal to give the certificate was unreasonable and unjustifiable. This also, we think, was supported by the evidence. The conversations of the architect with the plaintiff and his workmen, at the time he was acting on the subject-matter, were competent as part of the res gestæ. These tended to show that he refused to give the certificate, because the owner had directed him not to give it, and that, in fact, he regarded the work as good.

4. We think the appellant should have been allowed the expense ,of replacing the defective corner post, amounting to $58.60. It is unnecessary to discuss it, as there certainly was an error in admission of the testimony as to this item, for which the judgment must be reversed. Over the objection and exception of the appellant, a witness was allowed to testify that he heard the evidence of the plaintiff as to the manner in which the corner post had been spliced and set, and that, if it was so set, the work was properly done. Such evidence was improper. Reynolds v. Robinson, 64 N. Y. 589; Guiterman v. Steamship Co., 83 N. Y. 358; Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696.

The judgment appealed from should be reversed, and a new trial granted, costs to abide the event, unless respondents stipulate to reduce the recovery by the sum of $58.60, with interest from April 15, 1895, in which case the judgment as reduced should be affirmed, without costs of this appeal to either party. All concur.