Henry J. Sullivan, Referee
The question here to be determined is, whether or not the two several mechanic’s lien notices filed by the defendants Crouch on November 28 and December 11, 1885, were valid and effectual notices of lien under chapter 342 of the Laws of 1885.. It is claimed on the part of the defendants Strauchen and Eaton and Pike, that said Crouch liens failed to comply with section 4 of said chapter, and were and are therefore invalid as against their liens, the notices of which in all respects comply with said section. The notices filed by the defendants Crouch were evidently intended to comply with the requirements of chapter 486 of the Laws of 1880, as the blanks used by them are the blanks prepared under said Laws of *68 1880, and the verification to the same is in all respects that required by said chapter 486, Laws of 1880. Said chapter 486 was expressly repealed by section 26 of said chapter 342 of the Laws of 1885; and therefore the validity of the Crouch liens must be determined by the provisions of said chapter 342.
Section 4 of said chapter 342 requires that notices filed thereunder shall state the nature and amount of the labor and service performed, or the materials furnished or to be furnished, and whether all the work for which the claim is made has been actually performed or furnished, and if not, how much of it. Those requirements were not contained in the acts of 1873 or 1880, and are, therefore, new. The Crouch lien notices merely state that the claims are “ for work, labor and services rendered, and materials furnished in the erection, altering and repairing of a two-story frame dwelling on the south side of Pinnacle avenue,” but do not state the “ nature ” of said labor and services or materials, and in that respect they fail utterly to comply with said section 4, chapter 342 of said Laws of 1885. Had those notices stated, even in substance, the “ nature ” of the “ labor and services performed or materials furnished or to be furnished,” I should be inclined to hold them sufficient; but when they are evidently intended to comply with the provisions of the old repealed statute of 1880, and do not in substance in that regard comply with the existing statute, they must be deemed to be inoperative, especially as against other liens which are sufficient compliances with the existing statute. To hold otherwise would render nugatory the words in section 4. It seems to me that to state the “ nature ” of the “ labor ” and service or materials ” is to do more than to use the meaningless words “ work, labor and services performed and materials furnished ” which were used in the notices under consideration.
Chapter 382 of the Laws of 1886 seems to me a binding legislative construction of said chapter 342 of the Laws of *69 1885, when it provided that liens filed after the passage of said chapter 342, the act taking effect according to its terms at that date, and before June 27,1885, which complied with the provisions of any act in force at the date of the passage of said chapter 342, should be valid and effectual, except that they should be subordinate to liens, notice of which were filed under said chapter 342, and thereby in effect decided that the Crouch liens complying with the act of 1880, and not the act of 1885, must be deemed to be subordinate to the liens of the other defendants filed under said chapter 342 of the Laws of 1885.
Whether or not the Crouch liens were, and are valid and effectual liens as against the plaintiff, the owner of the fee and the defendant Emily L. Morris, the person in possession under the contract of purchase, I am not called upon to determine.
Had the defendants, having mechanic’s liens against the premises sold, appeared and set up these liens by answer, the complaint herein must have been dismissed as against them, or at least the amounts of the liens must have been directed by the judgment herein to be paid to them, according to their respective dates of filing, out of the proceeds of sale, before any payment could be made therefrom to the plaintiff, for the reason, that the contract between the plaintiff and said Emily L. Morris required her to build the house against which such liens were filed, and thereby bound the fee and the interest of the plaintiff therein with the payment of those liens (Nellis v. Bellinger, 6 Hun, 560; Otis v. Dodd, 90 N. Y., 336;. Husted v. Mathes, 77 N. Y., 388; Burkitt v. Harper, 79 N. Y, 273; Gates v. Whitcomb, 6 Supm. Ct. (T. & C.), 341, 342; L 1885, c. 342, § 5, last part).
By reason of the ingenious conduct of the plaintiff in making those lienors parties defendant to this action, and alleging in his complaint, verified, that “they had or claimed to have some interest in or lien upon said premises subsequent and inferior to his claim,” he obtained the *70 judgment of this court foreclosing- those prior claims, and received the amount unpaid upon said contract of sale, which in equity and right should have been devoted to the payment of those mechanic’s liens. Such conduct may be considered ingenious, but it is not to be commended or approved.
The amount of the surplus herein must therefore be devoted as directed in my report to the payment, first, of the costs and expenses of this proceeding; second, to the payment of the Eaton and Pike claims, next the Bamber & Williams claim, and lastly, to the payment,- so far as it is applicable, to the Strauchen claim.
Exceptions were filed to the report, and argued at July Special Term before Angle, J., and the report confirmed upon the opinion of the referee.
No appeal.