CLOSE *et al.* v. CLARK *et al.*

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. CONTRACT—MODIFICATION—POSTSCRIPT.
   A postscript to one copy of a contract executed in duplicate added after the signing, but on the same occasion, and in the presence and with the oral consent of all the parties, becomes an integral part of the agreement, and binding upon all the parties.

2. SAME—INTERPRETATION—BUILDING CONTRACT.
   A provision in a building contract that the work shall be completed by a certain date is waived if there are departures by mutual consent from the original plan, or if, after the time prescribed by the contract has expired, the builder is notified to go on and complete.

3. MECHANIC'S LIEN—NOTICE.
   A notice of mechanic's lien, which falsely states that all the work and materials for which the claim is made have been actually performed and furnished, is misleading and invalid.

4. SAME—PLEADING.
   Where the complaint in an action to foreclose a mechanic's lien alleges that plaintiffs furnished all the materials for the building, it is competent for defendant to show under her general denial that certain lumber was supplied by her.

Appeal from judgment on report of referee.

Action by Henry Close and Christian Reinstein against Matilda Clark and another for the foreclosure of a mechanic's lien. From a judgment foreclosing the lien defendants appeal.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

W. *Stebbins Smith* and *Jacob Fromme*, for appellants. *Samuel E. Duffy*, for respondents.

LARREMORE, C. J. This action was brought for the foreclosure of a mechanic's lien. The complaint, among other things, alleged that plaintiffs "did and performed certain work, labor, and services, and furnished necessary materials therefor, which work and materials consisted of building and erecting on the premises above described a house or building according to the terms and conditions of the said contract." We think the learned referee erred in his findings as to what the contract referred to in the complaint actually was. This agreement was in writing, and was executed in duplicate. The copies correspond, except that after the signatures in the one retained by defendants, and produced by them at the trial, was added the following: "P. S. The whole building to be finished on or before the 1st day of January,

1888, A. D." We think the weight of evidence is strongly in favor of the view that this postscript was added after the signing, doubtless, but still upon the same occasion, and in the presence and with the consent of all the parties. Such postscript, being orally assented to, was therefore as binding as the foregoing instrument actually subscribed, and in reality became an integral part of the agreement under which the work was done. *Dutch* v. *Mead*, 36 N. Y. Super. Ct. 427, 59 N. Y. 628. But though the weight of evidence substantiates defendants' claim as to the contract, and though the referee erred in this respect, we cannot see that any actual harm resulted from such an error, and we should not reverse upon this ground.

It appears that there were departures by mutual consent from the original plan, and, furthermore, that after the time prescribed by the contract had expired the defendant Clark notified plaintiffs to go on and complete. Under competent authorities either of these circumstances would operate as a waiver of the time conditioned in the contract. It has also been directly held that in a contract of this character a provision that the work shall be completed by a certain date, and paid for upon completion, does not make time of the essence of the contract, and that, if the builder proceeds afterwards with the assent of the other party, he may recover at the contract price. *Dillon* v. *Masterton*, 39 N. Y. Super. Ct. 133.

This lien was filed for the unpaid balance of the whole contract price. In the notice of lien it is stated that all the work and materials had been actually performed and furnished. Leaving out of consideration a large number of departures from the contract which the referee finds were waived or assented to, he finds directly that in several particulars, more or less substantial, the contract was not completed. He finds that work and materials to the value of $93 were required to complete the same. I cannot see why, on respondent's own showing, the present case does not come squarely within the reasoning of *Foster* v. *Schneider*, 2 N. Y. Supp. 875. The material fact is not that the builders had completed their contract, but in an inferior manner; it is that they had not completed it at all. The referee's sixth finding of fact specifies several omissions, all of them of some importance. The plaintiffs entirely failed to supply these articles, although notified to do so. They cannot argue from their statement, that referee disagreed with and found against them only as to the quality of their work. Confessedly they had not attempted to provide several things called for by the contract. We think, therefore, the allegation in the notice was untruthful, and might have been misleading to subsequent lienors and the public, and, for the reasons given in the opinion in *Foster* v. *Schneider*, *supra*, the lien must be declared invalid.

There is also an exception in the case which deserves notice. On the examination of Matilda Clark, the defendant, she was asked: "*Question.* Now, did you do anything in reference to the lumber in the house with Mr. Close? (Objected to as having nothing to do with this case. Counsel for defendants states that this question is asked for the purpose of showing that the defendant Mrs. Clark, and not the plaintiffs, furnished the lumber that went into the house in question. Objection sustained. Exception by defendants.) *Question.* Did the plaintiffs furnish all the materials that the contract called for to build the house? *Answer.* No, sir. *Q.* What portion of the materials did they not so furnish? *A.* The lumber. *Q.* How much? *A.* All the lumber in the house. *Q.* Who furnished it? *A.* I went security for it. *Q.* Do you remember the cash amount of lumber not furnished by them? (Objected to on the same grounds. Sustained. Exception by defendants.)" We think the defendant should have been given the fullest opportunity for showing what the arrangement between the parties as to the lumber was. The learned counsel for respondents contends that no evidence of this character was admissible, because the answer is a general denial, and that by the authority of *McKyring* v. *Bull*, 16 N. Y. 297, payment, or part payment, cannot be

proved as a defense under such pleading. But this testimony would properly come under the general denial as tending to show that plaintiffs had not done one very important thing they allege they did in the complaint, *i. e.*, furnish all the materials for the house. If the defendant herself furnished such lumber, this allegation of the complaint would be effectually disproved. By the referee's action in admitting part of the testimony on this point, and excluding the rest we are left in the dark as to what the actual transaction was. But it certainly appears that the defendant claims that she supplied the lumber. If this were the fact, even if the notice of lien had contained no untruthful allegations, she would certainly have been entitled to a very substantial deduction from the contract price. If the original credit was given to plaintiffs, but defendant was obliged to go security for it before it could be obtained, and is still liable as guaranty or surety for the unpaid lumber bill, we do not think plaintiffs "furnished the materials" within the meaning of their contract. They used merchandise which would not have been supplied but for the defendant's credit. The practical result of holding that they absolutely furnished the materials, and were absolutely entitled to the full balance of the contract price, under such circumstances might be to turn the money over to irresponsible persons, and leave defendant without redress to pay for the lumber a second time. Under this state of affairs, if the lumber merchant was willing to trust the defendant's responsibility, he would not be compelled to file a lien, and defendant would not receive even that protection. This is an action in equity, and the court would therefore use every effort to do substantial justice between the parties, and, it seems to me, under the hypothesis last stated, would have power to withhold the amount of lumber bill from plaintiffs, on the ground that they had not furnished the materials, especially if defendant stipulated that the judgment contain a provision requiring her to pay the amount directly to the lumber merchant. We are, of course, discussing a hypothetical case. If defendant has actually paid for the lumber, her right to prove the amount and claim deduction thereof could not be questioned. What has been said shows the necessity that existed, in any view of the controversy, of bringing out fully the facts of this transaction. The judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.