## MULL *et al. v.* JONES *et al.*

*(Common Pleas of New York City and County, General Term.* April 4, 1892.)

1. MECHANIC'S LIEN—SUFFICIENCY OF NOTICE.

   Subcontractors for the plastering of a building, who had completed their work except the pointing up, to be done after the other mechanics had left the building, filed a notice of lien therefor, stating that all their work had been done; and thereafter the principal contractors abandoned the work, leaving it unfinished. *Held* that, as the subcontractors had substantially performed their contract, and were not in default as to the unimportant part unfinished, their notice of lien was sufficient, under the requirement of Laws 1885, c. 342, §§ 1, 4, that such notice must state whether all the work for which the claim is made has been actually performed, or, if not, how much of it.

2. SAME—ENFORCEMENT—DEFENSES.

   That the effect of the filing of such notice may have been to destroy the credit of the principal contractors, force them to abandon their contract, and throw the burden of completing the work on the owner, is not available either to the principal contractors or to the owner, as a defense to the enforcement of the lien.

3. SAME—DEFENSES.

   Neither is it a defense that the subcontractors were not entitled to payment until the pointing up should be done, as their contract was substantially performed, and complete performance was prevented by the contractor's abandonment of the work.

4. SAME—COSTS.

   Where an owner of property, defending an action to foreclose a mechanic's lien thereon, does not pay into court an amount conceded by him to be due, and thereby relieve himself of costs, as provided by Laws 1885, c. 342, § 19, costs may properly be awarded against him, in the discretion of the court as to costs in such actions given by section 13.

Appeal from judgment on report of referee.

Action by De Witt Mull and Gottlieb Frommer against Henry M. Jones, Walter M. Jackson, as assignee of Isaac P. Bowers, and Jacob J. Vreeland and other defendants to foreclose a mechanic's lien. Defendants Jones and Jackson appeal from a judgment for plaintiff entered upon the report of a referee. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*W. Stebbins Smith, (Jacob Fromme,* of counsel,) for appellants. *J. Homer Hildreth,* for respondents.

DALY, C. J. This is an appeal by defendants Jones and Jackson from a judgment of this court entered upon the report of a referee, in an action to foreclose a mechanic's lien filed December 4, 1888, by Mull & Frommer, subcontractors, for plastering work, etc., under Bowers & Vreeland, contractors with Henry M. Jones, owner, for altering a certain building in the city of New York. The plaintiffs were to receive $587 for their work when it was all completed. At the time of the filing of their lien all was completed, with the exception of pointing up the plastering after the other mechanics had left the building, an item which involved an expense of $27.55. The performance of this under the plaintiffs' contract was prevented by the abandonment of the work by the contractors Bowers & Vreeland after the lien was filed; but it was afterwards done by plaintiffs, at the request of the owner, who finished the building himself at a cost of $847.92, which was less than the final payment coming to Bowers & Vreeland, and left a balance in the owner's hands of $237.08, to which extent the referee held the plaintiffs' lien established against the property. The owner and the contractor's assignee object to this decision on the grounds (1) that all of plaintiffs' work was not performed, and therefore nothing was due them when the lien was filed; and (2) that no lien was acquired because the notice untruthfully stated that all the work had been performed.

It is not necessary that the work for which the lien is filed should be completed at the time of filing the notice. A lien will be acquired if the notice

is filed at any time during the performance of the work, but the notice must state whether all the work for which the claim is made has been actually performed, or, if not, how much of it. Act 1885, c. 342, §§ 1, 4. Failure to comply with this requirement is fatal to the lien, (*Close* v. *Clark*, [Com. Pl. N. Y.] 9 N. Y. Supp. 538;) but a substantial compliance with it is sufficient for the validity of the lien and to give jurisdiction to the courts to enforce it, (Act, § 25.) I think that the notice of lien in this case substantially complied with the statute, in stating that all the work had been done, because the claimants had then substantially performed their contract. All that remained were odds and ends of pointing up after the other mechanics. This involved but a trifling outlay, and the plaintiffs were not in default with respect to it, but were ready and willing to do it if the contractor had reached that stage of his work. It was but a small and unimportant part of the contract, and it was not omitted through their fault. *Flaherty* v. *Miner*, 123 N. Y. 382, 25 N. E. Rep. 418, and cases cited; *Woodward* v. *Fuller*, 80 N. Y. 312. The cases bearing upon this point cited by appellants do not conflict with this view. In *Close* v. *Clark, supra*, the lien was held to be invalid for stating that all the work and materials had been actually performed and furnished when there were several omissions which the claimants failed to supply, although notified to do so; and the untruthful statement might have misled subsequent lienors and the public. In *Foster* v. *Schneider*, (Sup.) 2 N. Y. Supp. 875, the lien was held invalid for containing a similar statement, when in fact only a third of the work had been done, and yet the lien was filed for the whole contract price, the court saying that the statement was materially untruthful, and made to avoid complying with the law, and was deceptive of itself, and might have been injurious to the other persons having claims under the statute against the property. It would seem, therefore, that it is only a material misrepresentation in the notice which affects its validity, and that a statement in it which, although not exactly the fact, is not calculated to mislead other claimants or the public, is not material; and that the lien is valid if the statements contained in it are substantially true; and it would seem reasonable to hold that, where a lienor has performed his contract according to its main scope and intention, omitting nothing, and is waiting merely to do odds and ends of patching which he cannot do until after all the other mechanics have left the building, he may claim that his contract has been substantially performed. As the term is generally understood, his "contract" work is done, although his payment does not mature until he has completed the odds and ends. There is absolutely no misrepresentation in such a claim.

It is argued, however, that the effect of the filing of the lien before the time of payment matured, with a statement that the whole amount was due and owing, was to destroy the credit of the contractor, and induce the filing of other liens, force him to abandon his contract, and throw the burden of completing the work upon the owner. There is no finding to that effect, but, at all events, the argument is of no force. The filing of the lien does not excuse the contractor from going on and performing his contract, which the law presumes his ability to do; and, and, so far as the owner is concerned, he has suffered inconveniences from the default of his own contractor, and not of the plaintiffs', and is besides not damaged, for he has been allowed the full cost of completing the work, the plaintiffs' lien attaching to the balance only of the money unpaid upon his contract. As to the contention that, as the plaintiffs were not entitled to payment until the pointing up had been done, upon the principle that there was no performance of the contract while anything remained undone which it was the duty of the contractors to do, (*Watts-Campbell Co.* v. *Yuengling*, [Sup.] 3 N. Y. Supp. 869,) the referee could not find there was anything due them at the time of the filing of the lien, this is, in effect, disposed of by the conclusion already reached, that the facts war-

ranted the claim that, at the time of the filing of the lien, the work had been substantially performed. What remained to be done was prevented by the contractor's subsequent default; and the argument of appellants, if carried to its legitimate conclusion, would deprive plaintiffs of any compensation for the work actually performed; for the contractor, by his abandonment, deprived them of the opportunity to complete. This defense is, of course, not available to the contractor nor his assignee, for they could not urge, as an objection to plaintiffs' demand upon the contract, that they had failed in any particular as to which the assignor himself had prevented performance. The claimants were entitled to an allowance of costs against the owner defending the action. He could have paid the amount he conceded due into court, and thus relieved himself of costs. Act, § 19. The judgment should be affirmed, with costs. All concur.