(23 Misc. Rep. 163.)

BURKE et al. v. EDUCATIONAL ALLIANCE.

(Supreme Court, Appellate Term. March 28, 1898.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
Where the testimony at a trial was conflicting, and a finding either way would have been warranted, the appellate term of the supreme court will not disturb the conclusion of the trial court.

2. ACTION ON CONTRACT—DELAY IN PERFORMANCE.
Where time does not appear to be of the essence of a building contract, the fact that the work was not fully completed by the agreed date cannot defeat a recovery of the contract price, if after that date the contractor, with the assent of the other party, completed the contract.

Appeal from Ninth district court.

Action by Luke A. Burke and another against the Educational Alliance. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benjamin Tuska, for appellant.
Cromwell G. Macy, for respondents.

GIEGERICH, J. This action is founded upon a contract for work, labor, and services and materials furnished in the construction of a roof garden on the building known as the "Educational Alliance," at the corner of East Broadway and Jefferson street, in the city of New York. The defendant seeks a reversal of the judgment solely upon the facts, there being no error of law charged. The main questions of fact presented for solution in the court below arose out of two counterclaims interposed by the defendant,—one for $400 damages, claimed to have been sustained in consequence of plaintiffs' alleged failure to properly construct and adequately cover or protect the openings made by them in the course of their work, and the other for $14.50, the alleged reasonable value of certain spruce planking and a stepladder claimed to have been borrowed and taken by the plaintiffs from the defendant for the purpose of said work, and not returned, although duly demanded. The testimony relative to these subjects was conflicting, and a finding either way would have been warranted. The justice allowed the defendant $14.50, and gave judgment in favor of the plaintiffs for the difference. He had the witnesses before him, observed their manner of testifying, and therefore was undoubtedly better able to judge of their credibility, and of the weight to be given to their testimony, than is this appellate court; and hence we see no reason for disturbing his conclusion, in the absence of the elements which are requisite to a review of the facts. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731.

There was also litigated upon the trial, but not argued upon this appeal, the question whether the plaintiffs performed the contract within the specified time. The testimony adduced on the part of the defendant tended to show completion subsequent thereto, while, according to that presented on behalf of the plaintiffs, the work was practically finished by the day designated. No claim, however, seems

to have been made upon the trial for damages by reason of such delay, if any, in completion. Moreover, the evidence shows that the plaintiffs, with the assent of the defendant, proceeded, after the day designated, to complete the contract; and, time not appearing to be of the essence of this contract, such claim alone, even if urged, cannot defeat a recovery of the contract price. Close v. Clark, 16 Daly, 91, 9 N. Y. Supp. 538.

For these reasons, to my mind, the judgment should be affirmed, with costs. All concur.

