(40 Misc. Rep. 569.)

### BOSSERT et al. v. HAPPEL et al.

(Supreme Court, Special Term, New York County. May, 1903.)

1. MECHANIC'S LIEN—NOTICE.

Under Laws 1897, p. 518, c. 418, § 9, providing that a notice of mechanic's lien shall state the labor performed or to be performed, or materials furnished or to be furnished, and the agreed price and value thereof, and the amount unpaid for such labor or materials, a statement in a notice of mechanic's lien that "the labor performed and the materials furnished and to be furnished consists of wainscoting," etc., and the agreed price, "less the amount allowed for material", and that the amount unpaid "for such labor (or) (and) material is" a certain sum, creates no lien, as it cannot be determined whether the claim is for labor performed and material furnished, or for labor to be performed and materials to be furnished.

Action by Louis Bossert and others against Adam Happel, impleaded with Henry E. Fox and others. Complaint dismissed.

Atwater & Cruikshank, for plaintiffs.
Phillips & Avery, for defendant Happel.

TRUAX, J. This is an action to foreclose a mechanic's lien filed by the plaintiffs in the office of the clerk of the county of New York on the 17th day of January, 1902, for the sum of $603.61. The lien of the plaintiffs is against Henry E. Fox as contractor, and Bolton Hall as owner. On the 7th of April, 1902, the owner of the property, the defendant Thomas Berkely, was indebted to the contractor, Henry E. Fox, in the sum of at least $611.75, and on that day deposited with the clerk of the county of New York that amount in order to obtain a discharge of the lien. Said defendant has stipulated that that amount so deposited was taken out of the fund due from him to the defendant Fox. After the filing of the notice of lien by plaintiffs, the defendant Happel filed a notice of lien on the 21st day of March, 1902, for the sum of $616.68. The only controversy in this case is between the plaintiffs and the defendant Happel (the other defendants having defaulted on the trial), and is one of law, and depends upon the sufficiency of the form and

contents of the plaintiffs' lien. The defendant Happel contends that the notice of mechanic's lien filed by the plaintiffs was wholly insufficient upon the face thereof to charge a lien in the plaintiffs' favor upon the real estate against which the same purported to be filed. The notice of lien filed by the plaintiffs did not comply with section 9 of the mechanics' lien law of the state of New York (chapter 418, p. 518, of the Laws of 1897), and the filing thereof did not create a lien. Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531. In that case the notice of mechanic's lien was almost the same as the notice of the plaintiffs in this action. The court, in commenting upon the form of mechanic's lien in that case, said:

"The statute (Laws 1897, c. 418, § 9) provides that the notice filed shall state the name and residence of the lienor; the name of the owner of the real property against whose interest a lien is claimed; the name of the person by whom the lienor was employed, or to whom he furnished or is about to furnish, materials; or, if the lienor is a contractor or subcontractor, the person with whom the contract was made; the labor performed or to be performed, or the materials furnished or to be furnished, and the agreed price or value thereof, and the amount unpaid to the lienor for such labor or materials. In addition to this, the notice must be verified by the lienor or his agent, to the effect that the statements therein contained are true, to his knowledge, except as to the matters therein stated to be on information and belief, and, as to those matters, that he believes them to be true. The notice here filed did not comply with the statute, and, construing it liberally, as we are required to do by section 22 of the same act, it is unintelligible, and no one can determine from it the ground upon which the lien is claimed—whether for materials furnished or to be furnished, for labor performed or to be performed—and in other respects it is just as indefinite and defective. The statement in the notice is: '(3) The name of the person by whom the lienor was employed, or to whom he furnished, or is to furnish, materials is J. Pacheteau, and the person with whom the contract was made is J. Pacheteau. (4) The labor performed or to be performed is mantels and fixtures, and the materials furnished or to be furnished, and the agreed price or value thereof is four hundred and seventy-five ($475). (5) The amount unpaid to the lienor for such labor (or) (and) materials is four hundred and seventy-five dollars ($475). (6) The time when the first items of work were performed (or) (and) materials were furnished was October 5th, and the time when the last items of work were performed (or) (and) materials were furnished was October 18th.' It does not require argument to demonstrate that this notice does not comply with the statute, and it cannot be construed in such a way as to enable the plaintiff to derive any benefit from it. The liberal construction provided for in the statute assumes that the statute has, at least in form, been complied with, and that was not done here. To give this notice any other construction would, in effect, be holding that a lien might be acquired by the filing of a notice, no matter how defective, and irrespective of whether or not it complied with the statute at all."

The plaintiffs' notice of lien does not comply with the statute, and "it is unintelligible, and no one can determine from it the ground upon which the lien is claimed—whether for materials furnished or to be furnished, for labor performed or to be performed—and in other respects it is just as indefinite and defective." The statement in the notice here is:

"(3) The name of the person by whom the lienors were employed and to whom they furnished materials is Henry E. Fox and the person with whom the contract was made is Henry E. Fox. (4) The labor performed and the materials furnished and to be furnished consists of wainscoting, closets, wardrobes, dressers, doors, jambs, sashes, frames, headlights, panels, backs, base trim and mouldings, columns and pedestals, mantel shelves and steps, and

the agreed price and value thereof is $611.86 dollars 611.86 less amount allowed for material. (5) The amount unpaid to the lienor for such labor (or) (and) materials is $603.61 six hundred and three and 61/100 ($603.61) dollars. (6) The time when the first and last items of work were performed and materials furnished, is first delivery December 9, 1901, last delivery January 17, 1902, within ninety days last past."

It is absolutely impossible to determine upon reading the above lien whether the lien is claimed for labor performed and materials furnished, or for labor performed and materials to be furnished. The statement in paragraph 4 of the lien is to the effect that it is claimed for labor performed and materials furnished and to be furnished, and then it proceeds to describe what the materials were, but there is no item set forth showing whether any labor whatsoever had been performed. No person, upon examining this lien upon the files in the county clerk's office, could determine for what amount a lien was claimed against the real property, as there is nothing to show what had actually been furnished by the plaintiffs. The provisions of section 9, c. 418, p. 518, of the Laws of 1897, which is the present mechanics' lien law of the state of New York, requires that a notice of mechanic's lien shall state "(4) the labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof." This clause takes the place of the provision in section 4, c. 342, p. 586, of the Laws of 1885, which was the previous mechanics' lien law of the state of New York, and among the provisions of that section stating the necessary contents of a notice of lien is the following:

"The name of the person or persons, firm or firms, corporation or association by whom he was employed or to whom he furnished or is about to furnish such materials, or whether all the work for which the claim is made has been actually performed or furnished, and, if not, how much of it, and also a description of the property to be charged with a lien," etc.

The Legislature, in framing the lien law of 1897, evidently intended that clause 4 of section 9, which has been quoted above, should take the place of the above-quoted provision of the Laws of 1885, and that a notice of lien should state the same particulars in that respect, and the language used is merely a shorter form of expressing the necessary statements to be made in a lien. It was held in numerous decisions under the act of 1885 that the omission to state whether all the work had actually been performed or all the material had actually been furnished was a fatal defect, and that a notice which did not show such facts was not a substantial compliance with the requirements of the statute. Luscher v. Morris, 18 Abb. N. C. 67; Close v. Clark (Com. Pl.) 9 N. Y. Supp. 538; also Cumming & Gilbert's Annotated Lien Law (2d Ed.) 76, 77. The defendant owner having stipulated that the amount deposited by him to discharge the plaintiffs' alleged lien was a part of the fund due from him to the contractor, the defendant Fox, the defendant Happel has thus proved that there was due, owing, and unpaid from the owner to the contractor under whom he claims, at the time of the filing of his notice of lien, or that subsequently there became due, owing, and unpaid, at least the sum of $611.75; and judgment should be awarded directing the dismissal of the complaint, and that the real property de-

scribed in the defendant Happel's answer be sold in the usual manner, and the proceeds brought into court to pay the expenses of the sale, and the amount of his lien, and the costs of the action. The defendant Berkely has stipulated that the amount deposited by him with the county clerk to discharge the plaintiffs' lien, namely, the sum of $611.75, was taken by him from the fund due from him to the defendant Fox, and deposited on the 7th day of April, 1902. All of the defendants, except the defendant Happel, having defaulted upon the trial, there can be no question that the right to this fund is either in plaintiffs or the defendant Happel. The plaintiffs' alleged lien having been discharged by this deposit, their lien, if any, attaches to the fund; and their lien being invalid because of its insufficiency, upon the face thereof, judgment is ordered directing a dismissal of the complaint, and for the defendant Happel, as above stated.

Complaint dismissed.