Larkin *v.* McMullen.

———

PATRICK LARKIN *et al.*, Appellants, *against* MICHAEL MC-
    MULLEN *et al.*, Respondents, Impleaded with WILLIAM
    H. SCHMOHL, Appellant, *et al.*

(Decided December 5th, 1887.)

A building contractor having prosecuted the work so far as to obtain part of the payment due under his contract, abandoned the work, and the owner was obliged to complete it at his own expense. *Held*, that the lien of a sub-contractor would attach to the difference between the original contract price and the sum of the payments made to the contractor and the expense to which the owner was put in finishing the work under the terms of the abandoned contract.

APPEAL from a judgment of this court entered upon the report of a referee.

The facts are stated in the opinion.

*Philip L. Wilson*, for appellants.

*Arthur Hurst*, for Kahn, respondent.

LARREMORE, Ch. J. — This is an action to foreclose mechanics' liens. The defendant, Kahn, was, on the 1st day of May, 1886, and still continues to be, the owner of premises 87 Pike Street in the City of New York. On that day he entered into an agreement in writing with the defendant McMullen to make certain alterations in the building on said premises for the aggregate price of $900. This sum was to be paid in four instalments, upon obtaining the certificates of the architect of the prosecution of the work up to the points required for such payments under the contract. The plaintiffs and the defendant Schmohl are respectively sub-contractors, having furnished materials which were used in said work under contracts with said McMullen. Both the plaintiffs and said Schmohl have filed liens and are seeking to foreclose them in this action. No technical objections are made to the form or sufficiency of such liens. The owner's defense is a claim that when they were filed he had paid his immediate contractor in full, and that therefore, under the final clause of section 1 of chapter 342 of the Laws of 1885, the sub-contractors have no right of action. The learned referee has so held, and thereby, as it seems to me, fallen into an error of law which would result in a grave injustice.

The language of the clause in question is as follows: "But in no case shall such owner be liable to pay, by reason of all the liens filed pursuant to this act, a greater sum than the price stipulated and agreed to be paid in such contract, and remaining unpaid at the time of filing such lien, or, in case there is no contract, than the amount of the value of

such labor and material then remaining unpaid, except as hereinafter provided."

The facts of the case at bar are that the contractor, McMullen, prosecuted his work so far as to obtain in regular course the first two payments. He was also paid $100 on account of the third payment, making in all $550 that was received by him, and leaving an unpaid balance of $350 on the contract price. He never carried out his contract systematically thereafter, or completed it so as to entitle him to the certificates required for the third and fourth payments, though he did do considerable work upon both sections of the contract which were to be covered by such third and fourth payments respectively. The contract was subsequently abandoned by the contractor and finished by the owner. This statement should perhaps be qualified by saying that the owner contends that the building never has been actually finished and is incomplete to this day. Still, the evidence shows that it was substantially completed, and it has been occupied by a tenant for a considerable period of time. The architect (who was the owner's witness) virtually admits that the work which Schmohl subsequently was employed by the owner to do, and which he actually did, was all there was to be done in order " to finish McMullen's job."

It appears that, adding to the total amount actually paid McMullen, the contractor, the amount paid to Schmohl, under the subsequent contract with the owner in consideration of his finishing " McMullen's job," and also several additional items, concerning which there is a dispute as to whether they were comprehended in the original contract or to be classed as extra work — adding all these sums together, there is still quite a large balance between the aggregate amount thereof and the original contract price.

To this difference between the original contract price and the total expense the owner has been put to in order to complete the contract, these mechanics' liens should attach. There is the strongest possible equitable reason for so holding; for, presumably, one of the causes why the

owner has been able to complete at so much less than the contract price is that these very materials which have gone into his building have not been paid for. The referee has given a construction to the Mechanic's Lien Act which I do not think the legislature ever intended. It would certainly make of it, as far as the present case is concerned, anything but a remedial statute.

To hold that the property must be liable to the liens up to the amount of this difference between the contract price and the aggregate amount of actual payment by the owner, does not make such owner "liable to pay by reason of all the liens filed a greater sum than the price stipulated and agreed to be paid on such contract and remaining unpaid at the time of filing such lien." This construction limits the owner's liability at the contract price, thereby giving him his statutory protection, and also, within such limit, gives the lienors the benefit of an act passed for their security. It certainly was not the intention to limit the owner's liability to such portion of the contract price as happened to be payable under the express terms of the agreement at the time of the filing of the lien. This might in many instances give the owner the benefit of his building or improvement without paying the whole of the contract price or the reasonable value thereof (see *Wright* v. *Roberts*, 43 Hun 413; *Heckmann* v. *Pinkney*, 81 N. Y. 217). There is nothing in *Hagan* v. *Am. Baptist Soc. (ante* p. 131) which conflicts with this view. It is there conceded that a subcontractor's lien attaches " to the extent of what is due *or to become due* upon this contract."

The judgment must be reversed and a new trial ordered, with costs to abide the event. Upon such trial it will be well for the court or referee to find specifically upon the question how much was required to complete the building, or rather " to finish McMullen's job," and therefore how large a balance there is to which these liens may attach. This may include the determination of just what was comprehended in the McMullen contract, and how much that the owner has since paid for must legitimately be consid-

ered extra work and therefore not deductible from the fund accessible to the liens. These, and perhaps other questions of fact, will have to be definitely found upon, in order that the case may be tried and the liens made effectual on the theory above set forth.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.