DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1888.

JOHN H. VAN CLIEF AND WILLIAM S. VAN CLIEF, APPELLANTS, *v.* HANNAH R. VAN VECHTEN AND OTHERS, RESPONDENTS.

*Mechanics' lien — act of 1885, chap. 342 — the lienors are entitled to the difference between what has been paid and what has been earned under the contract.*

In section 1 of the mechanics' lien law of 1885 (chap. 342), is contained the following provision: "In no case shall such owner be liable to pay, by reason of all the liens filed pursuant to this act, a greater sum than the price stipulated and agreed to be paid in such contract, and remaining unpaid at the time of filing such lien."

*Held,* that while the law limits the lien to the difference between the money paid and the contract-price, it was not the intention of the law to limit the owner's liability to such portion of the contract-price as happens to be payable, according to the terms of the contract, when the lien is filed. The true question is: What was earned under the contract at the time of the filing of the lien?

APPEAL by the plaintiffs from a judgment entered in Richmond county upon the report of a referee, dismissing the plaintiffs' complaint as to the defendant Van Vechten, and canceling a mechanic's lien and *lis pendens* filed by the plaintiffs, with costs. This action was brought to foreclose a mechanic's lien filed by the plaintiffs September 17, 1886, in the office of the clerk of Richmond county, against George L. Smalle and Hannah R. Van Vechten. The defendant Van Vechten was the owner of certain real estate in Richmond county, and made

a contract with the defendant Smalle to erect a building thereon. Smalle purchased building materials, consisting of lumber, timber, etc., from the plaintiffs, partners in business, for use in the construction of said building, and used said building materials therein, amounting to $1,264.35. Smalle sub-let the mason work in said building to the defendants Newman Brothers, partners in business, who purchased from plaintiffs building materials for use therein amounting to $405.75, and used the same in the construction of the said building. The claim of plaintiffs for such materials were not paid by either Smalle or Newman Brothers. They filed a mechanic's lien therefor, and commenced this action to foreclose the same, making the owner, Van Vechten; Smalle, the contractor; Newman, the sub-contractor, and Feist, Mersereaus and Gregg, subsequent lienors to plaintiffs, parties defendant.

*Thornton, Earle & Kiendl,* for the appellants.

*Ezekiel Foxman,* for the respondent, Hannah R. Van Vechten.

BARNARD, P. J.:

The facts in this case are not in dispute. The defendant Van Vechten is the owner of a lot in Richmond county. She contracted with the defendant Smalle to furnish the material and erect and complete a building thereon for the sum of $4,298. Smalle was a carpenter and he sub-contracted with defendant Newman to do the mason work. Smalle bought of the plaintiffs material for the building to the amount of $1,264,35, and Newman purchased material for the building of the plaintiffs to the amount of $405.75. Both these sums are wholly unpaid and all the materials actually went into the building. The defendant had paid the contractor $2,000 on account of the contract-price when the contractor abandoned the contract. The plaintiffs filed this lien in proper form and within the proper time. There was nothing due the contractors when the work stopped, under the terms of the contract, and there is no proof showing the value of the building in its incomplete state. It cost to complete the building for carpenter and mason work, $1,672, for stairs and closing in building, $241.80. The contractor did not furnish certain articles which were allowed by the

court at the sum of $275. There was allowed to the architect $100 for extra service, preparing for and overseeing the completion of the contract. This left $920 as the difference between the contract-price and the amount paid, and the referee should have given judgment for this sum in any view of the case. There is some question whether the architect's extra charge should have been allowed, but it is not necessary to pass upon this question now, as the plaintiffs are entitled to have their claim considered on an entirely different basis from that adopted by the referee. When the work stopped there was $1,670,10 of the plaintiffs' property in the house. A payment of $800 was substantially earned. The lien law limits the lien to the difference between the money paid and the contract-price, it is true, but it is not the intention of the lien law to limit the owner's liability to such portion of the contract-price as happens to be payable according to the terms of the contract when the lien is filed. The true question is: What was earned under the contract at the time of the filing of the plaintiffs' lien? There is proof tending to show that a very considerable sum had been earned over and above the $2,000 payment, and this sum, whatever it may be, is the fund to which the plaintiffs have an equitable right under the lien law. (*Heckman* v. *Pinkney*, 81 N. Y., 211.)

The judgment should be reversed and a new trial granted, costs to abide event and order of reference vacated.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide the event, order of reference vacated.