## MILLER v. MEAD et al.

*(Supreme Court, Special Term, New York County. January 25, 1889.)*

MECHANICS' LIENS—MATERIAL-MEN—ABANDONMENT BY CONTRACTOR.

Laws N. Y. 1885, c. 342, § 1, provides that any person who furnishes material for use in erecting, altering, or repairing any house, etc., with the consent of the owner or his agent, or any contractor or subcontractor, may have a lien upon such house, etc. The owner of certain premises made a contract for the completion of houses thereon, he to advance a sum of money, and on the fulfillment of the contract to convey the premises to the contractor for a named consideration. The contractor subsequently abandoned the contract. Held, that plaintiff had a lien upon the premises for material furnished the contractor.

Action by David Miller against Sarah F. Mead and others to foreclose a material-man's lien. Laws N. Y 1885, c. 342, § 1, provides that any person who shall perform any labor or service, or furnish any materials for use in erecting, altering, or repairing any house, etc., with the consent of the owner or his agent, or any contractor or subcontractor, may have a lien on such house, etc.

James T. Hoyt, (Wm. E. Stewart, of counsel,) for plaintiff. Geo. W. Mead, (Albert E. Lamb, of counsel,) for defendant.

BEACH, J. The action is to foreclose a material-man's lien, claimed to exist under chapter 342, Laws 1885. The defendant Mead was and is owner of the realty, and made an agreement with one Gierke, subsequently assigned to defendant Grippentrog. In brief, this contract provided for the completion of certain dwellings on the premises; an advance by the owner of $21,000; on the completion of the houses defendant Mead agreed to convey to Grippentrog the premises for a named consideration. The plaintiff furnished material to Grippentrog, and claims a lien therefor. Grippentrog subsequently failed to perform, and abandoned the contract. The lien is resisted by the owner, as not warranted by the statute, *supra*. In my opinion, the changes in the lien law, by the act of 1885, were intended to meet the facts of this case. Under prior enactments the position of the defendant Mead had been successfully maintained, under the theory that nothing was due to the immediate contractor (who had failed to perform) from the owner; and thus laborers and material-men were left remediless, while the owner, as defendant Mead would, in case at bar, retained the realty, enhanced in value by the improvements, without paying anything for the betterments. There was no contract between defendants Mead and Grippentrog in the sense of that word used in section 1 of the act. What the word there means is a contract between them to build houses for an agreed price, the title to the property to be in no way affected. The agreement here is far different. It certainly provides for the erection of houses, but not for the defendant Mead as owner, but for Grippentrog himself, who is to take title upon performance of the agreement. This must be a correct construction, else the legislative intention to pass a remedial and protective statute was knowingly turned into an enactment to facilitate imposition upon and loss to those deemed worthy of protection. Acts substantially similar in terms have received judicial construction supporting this view. *Rollin* v. *Cross*, 45 N. Y. 766; *Burkitt* v. *Harper*, 79 N. Y. 273; *Otis* v. *Dodd*, 90 N. Y. 336; *Riley* v. *Watson*, 3 Hun, 568. I am unable to perceive any difference in legal meaning between the words "permission" and "consent." The materials were here furnished by the owner's consent. She permitted Grippentrog to erect the buildings upon her property, as is evidenced by her agreement. He, by virtue of the right acquired, purchased the materials therefor with her consent. Under it also her agent could, and possibly did, inspect the work as it progressed. In her answer, at folios 10, 11, she substantially admits permission given by the agreement. The case of *Craig* v. *Swinerton*, 8 Hun, 144, is not applicable. There the immediate contractor held nothing but a bare executory contract of sale, and no consent of the holder of the legal title was shown. Decree for plaintiff, with costs.