### HOLLISTER *et al.* v. MOTT *et al.*

#### (*Supreme Court, General Term, Fifth Department.* June, 1890.)

MECHANIC'S LIEN—PERFORMANCE OF CONTRACT.

A contractor agreed with defendant to build three houses, and a sewer to connect each house with a sewer already built, for a stated sum per house. Various payments were made, the houses were completed substantially as agreed, and defendant took possession, but the sewers were not built because it was found that a connection could not be made with the existing sewer, which was not deep enough for the purpose. Afterwards this sewer was deepened, the contractor allowing $120 therefor. He failed, however, to build the connecting sewers, and defendant completed them at a cost of $180. *Held*, this failure was not such a breach of the contract as would defeat the contractor's right to the balance due, less the sums of $120 and $180, and therefore a mechanic's lien for lumber furnished and used in the houses was enforceable for the amount due after such deductions.

Appeal from judgment on report of referee.

Action by Granger A. Hollister and another against Philander Mott and others to foreclose a mechanic's lien. Judgment for plaintiff, from which defendant Mott appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

M. M. Waters, for appellants. F. L. & J. E. Durand, for appellees.

CORLETT, J. On the 22d day of April, 1887, Philander Mott and John H. Huls entered into a written agreement, whereby Huls agreed to build for Mott three dwelling-houses on the same number of lots of land on the north side of Clifford street, in the city of Rochester. The price of the dwelling-houses, finished, was to be $990 each. The size, time, and mode of finishing, and all the particulars, were set out in the agreement. It was also provided that Huls should put in a sewer for all the houses, connecting with the sewer Mott had built on the south side of Crawford street the season before, of the same size, so as to drain all the cellars of said houses with laterals for the sewers. The laterals for all the sewers were to be laid under ground, and run from the back end of each cellar, and all the conductors should be so arranged as to convey the water from the roof to the laterals at the back end of each cellar. It was afterwards ascertained that the sewer referred to as the one into which the sewer agreed to be built in the contract was to connect was not deep enough for that purpose. Huls, upon the request of Mott, delayed the construction of the sewer and the putting in of the water-works. In September, 1887, Mott agreed with one Tripp and others for deepening the shallow sewer, and for its expansion over the courses specified in the contract with Huls, so as to drain the three houses, which job Tripp was to complete within 90 days. Huls consented to this agreement, and allowed for its completion $120, that being the sum paid by Mott to Tripp. After the completion of the houses in other respects, Huls neglected to put in the lateral sewers, which Mott completed at an expense of $180. Huls also neglected to properly plaster the houses, and the expense of remedying this was $10. One of the chimneys was also improperly built. This defect cost $3.50 to remedy. There were no other defects. Mott paid Huls upon the contract $1,900, and $120 to Tripp, making in all $2,020. The defendants furnished to Huls, after making the contract, lumber of the value of over $800, to be used in the construction of the houses, which was so used. That sum for lumber remains unpaid. Huls performed extra work at Mott's request on the houses of the value of $35. Mott took possession of the houses in October, 1887, and on the 10th of October of that year the plaintiffs, who were lumber dealers, filed notice of lien upon the premises for $800. Mott was indebted to Huls upon the building contract, and for extras, including interest to September 21, 1889, the date of the report, the amount of $876.58. The action is brought to foreclose the lien. Issue was joined; the case was referred; the referee found the above facts upon sufficient evidence; and, after deducting the above amounts for defective construction and non-performance, judgment was entered upon his report, and the defendant appealed to this court. The evidence shows that the plaintiffs furnished lumber to various contractors, and that payments were made to them by different persons without a full account being kept. The defendants claim that the amount found was not shown to be due on account of lumber furnished Huls. An examination of the evidence shows with reasonable certainty that the amount found for which the lien was filed was correct. The appellant further contends that on account of the various defects and omissions, it was not a case for deductions, but one of substantial non-performance, and that a lien could not be enforced. The plaintiffs contend that there was a substantial performance; also that under chapter 342 of the Laws of 1885 it was not necessary to prove full performance of the contract to enable them as lienors to maintain

the action, and refers in support of his contention to the following cases: *Wright* v. *Roberts,* 43 Hun, 413; *Larkin* v. *McMullen,* 14 Daly, 311; *Graf* v. *Cunningham,* 109 N. Y. 369, 16 N. E. Rep. 551; *Van Clief* v. *Van Vechten,* 1 N. Y. Supp. 99; *Miller* v. *Mead,* 3 N. Y. Supp. 784, affirmed, 6 N. Y. Supp. 273. The defects in the chimney and plastering were of trifling importance. Full compensation was made, and a recovery ought not to be defeated on those grounds. The $180 expense to complete the water connections was more important, but to some extent the difficulty over that question grew out of the shallow sewer. Full allowance was made by the referee for this expense, and, within the above cases, the plaintiffs as lienors should not be defeated on account of this omission. There were no errors on the trial in matters of substance which could prejudice the defendant. The judgment must be affirmed. All concur.