## COPLEY *et al.* v. HAY *et al.*

*(Common Pleas of New York City and County, General Term.* January 5, 1891.)

1. MECHANICS' LIENS—ACTION ON BOND—PARTIES.

The provision of Laws N. Y. 1885, c. 342, § 24, subd. 6, for the discharge of a mechanic's lien on filing a bond "conditioned for the payment of any judgment which may be rendered against the property," does not require that, in an action on such

bond, the owner of the premises be made a party, and judgment of foreclosure ren-
dered against the property, but only that plaintiff shall show himself entitled to a
lien which, but for the filing of the bond, would be enforced against the property.

2. SAME—DISCHARGE OF LIEN.

A complaint alleged all the facts necessary in an action to foreclose a mechanic's
lien, and, in addition, the filing by a defendant, one of the contractors for the build-
ing, of his bond "for twice the amount of plaintiffs' claim or lien herein." *Held,*
that this did not show that the property or the owner was relieved from the lien,
under Laws N. Y. 1885, c. 342, § 24, subd. 6, which requires the amount of the bond
to discharge such a lien to be fixed by the court, and an order to be made, on ap-
proval of the bond, discharging the lien; and therefore a demurrer to the com-
plaint, by the owner of the property, on the ground that no cause of action was
stated as against her, must be overruled.

Appeal from special term.

Action by George W. Copley and Ellen Dolen against Amelia C. Hay and
others. The defendant Hay appeals from an order overruling her demurrer
to the plaintiffs' complaint, and directing judgment thereon, with costs, and
from an order denying her motion to resettle the judgment entered.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Arnoux, Ritch & Woodford,* (*William H. Arnoux* and *Edward Marshall
Grout,* of counsel,) for appellant. *Oliver S. Ackley,* (*William A. Crowe,* of
counsel,) for respondents.

DALY, C. J. This is an action to foreclose a mechanic's lien filed on Decem-
ber 8, 1888, against the defendant Amelia C. Hay, as owner, Mull & Fromer,
contractors, and Bowers & Vreeland, subcontractors, by the plaintiffs, who fur-
nished materials to Bowers & Vreeland for the carpenter work upon the prem-
ises in question. The complaint alleges the facts necessary in an action to
foreclose a mechanic's lien, under the act of 1885, c. 342, and alleges, in ad-
dition, that on January 11, 1889, the defendant Mull filed his bond for twice
the amount of the plaintiffs' claim or lien herein in the clerk's office of the
city and county of New York. Mrs. Hay, the owner, is made a party defend-
ant, and it is demanded that it be adjudged that plaintiffs acquire a valid lien
upon the premises, and have a lien on said bond, and that defendants and all
persons claiming under them be foreclosed, and the premises be sold, and the
plaintiffs be paid the amount of their lien from the proceeds. Mrs. Hay, the
owner of the premises, demurs to the complaint, on the ground that it fails to
state facts sufficient to constitute a cause of action against her. Her demur-
rer was overruled. She appeals, and both sides have argued the case as one
presenting for decision the question whether, when a bond is filed to discharge
a mechanic's lien, as provided by subdivision 6, § 24; of the act, an action of
this character can be maintained, and the owner of the premises made a party
defendant, and judgment of foreclosure and sale be demanded and rendered.
As this question may have to be ultimately decided in the case, it may be ex-
amined now.

The mechanic's lien act provides as follows: "Sec. 24. A lien may be dis-
charged as follows: * * * (6) By the owner of the premises, person or
persons, firm or firms, corporation or corporations, against whom or which
the notice of lien is filed, executing with two or more sufficient sureties, who
shall be freeholders, a bond to the clerk of the county where the premises are
situated, in such sum as the court may direct, not less than the amount claimed
in said notice, conditioned for the payment of any judgment which may be
rendered against the property. The sureties on said bond must justify in at
least double the sum named in said bond. A copy of said bond, with notice
that the sureties will justify before the court or a judge thereof, at the time
and place therein named, not less than five days thereafter, must be served
on the claimant or his attorney. Upon the approval of said bond by the court
or a judge thereof, an order discharging such lien may be made by the court
or a judge thereof." The respondents refer to the provision of the section

and subdivision above cited, declaring that the bond "shall be conditioned for the payment of any judgment which may be rendered against the property," and argue that, in order to obtain the right to enforce the bond, they must have a formal judgment of foreclosure against the property, and consequently that the owner of the premises is a necessary party, such judgment being against her property. There is undoubtedly an inconsistency between the absolute discharge of the lien, thus releasing the owner and the premises from it, and the maintenance of an action against such owner and the property. This inconsistency results, it is claimed, from the legislative enactment that, notwithstanding the lien is discharged, a judgment must be recovered against the property, and that the words of the act "conditioned for the payment of any judgment which may be rendered against the property" are equivalent to "conditioned for the payment of any judgment which shall be rendered against the property." It is possible, however, to construe the act so as to save the owner of the premises which have been discharged from a lien, by the filing of a bond by a third party, from the expense and annoyance of a lawsuit, the only object of which is to enable the lienor to enforce such bond. This may be accomplished by regarding the statutory provision under consideration as requiring, not that a judgment must be obtained against the property, but that the lienor shall make out a case which, but for the filing of the bond, would have entitled him to a judgment against the property. If we read the provision as if it stood, "conditioned for the payment of any judgment recovered by the lienor in an action in which judgment might have been rendered against the property if no bond had been filed," we shall not be unduly importing into the enactment anything contrary or additional to its provisions, but shall be reading it in the light of the evident intention of the legislature.

It cannot be presumed that the law-makers intended that, after the property had been discharged from the lien, an action against the owner could be maintained for the foreclosure and sale of the premises; and, as suggested by respondents' counsel, the difficulty can be avoided by reading the word "may" in the clause in question in its natural meaning of "possible;" thus, "any judgment possible to be rendered," amplified to "any judgment to which the property otherwise might have been liable." We must give the statute such a construction as will carry into effect all its parts. It is clearly the intention of the legislature that the lien shall be discharged upon the filing of the bond. It is equally clear that no recovery shall be had upon the bond unless the plaintiff shows that he had a valid lien upon the premises when the bond was filed; and if, therefore, we construe the provision in question as requiring that the plaintiff shall in his action upon the bond show himself entitled under the mechanic's lien act to a lien which, but for the filing of the bond, would be enforced against the property, we shall be satisfying all the requirements of the statute, and imposing no greater obligation upon the sureties that that which they assumed. In the present case, however, it does not appear that the proceedings necessary under the act to discharge the lien were taken. The averment in the complaint is "that on the 11th day of January, 1889, the said defendant, De Witt S. Mull, filed his bond for twice the amount of the plaintiffs' claim or lien herein in the clerk's office of the city and county of New York." This is not sufficient to discharge the lien. The act requires that the court shall fix or direct the amount of the bond; that the sureties thereon must be approved after notice of justification; and that, upon such approval, an order discharging the lien may be made by the court or a judge thereof. Until such order is procured, the lien is not discharged, and, as the complaint does not allege the making of such an order, it does not show that the property or the owner is relieved. For this reason the demurrer of Mrs. Hay is not well taken. The complaint, as it stands, sets forth a good cause of action for the foreclosure of the plaintiffs' lien, and as owner she is a necessary party defendant. The demurrer was therefore properly overruled, and the judg-

ment should be affirmed. If the defendant alleges and proves a proper discharge of the lien by the filing of a bond, under the act, then she may be entitled to judgment in her favor. Upon the pleading before us, she is not. Judgment and order appealed from affirmed, with costs. All concur.