### BULKLEY v. MOSES et al.

(City Court of Brooklyn, Special Term.    April 13, 1892.)

MECHANICS' LIENS—BOND TO DISCHARGE—LIABILITY OF SURETIES.

Laws 1885, c. 342, § 24, subd. 6, providing for the discharge of a mechan-
ic's lien on filing a bond "conditioned for the payment of any judgment
which may be rendered against the property," does not require a claimant
to exhaust his remedy against the principal in the bond before proceeding
against the sureties. Copley v. Hay, (Com. Pl. N. Y.) 12 N. Y. Supp. 277,
followed.

Action by Washington Bulkley against Charles H. Moses and
others, principals and sureties on a bond given by defendants to

discharge a mechanic's lien. The sureties move to dismiss the complaint on the ground that plaintiff should exhaust his remedy against the principals before proceeding against the sureties.

Laws 1885, c. 342, (Mechanic's Lien Law,) § 24, subd. 6, under which the bond was given, provides as follows: "Sec. 24. A lien may be discharged as follows: * * * (6) By the owner of the premises, person or persons, firm or firms, corporation or corporations, against whom or which the notice of lien is filed, executing with two or more sufficient sureties, who shall be freeholders, a bond to the clerk of the county where the premises are situated, in such sum as the court may direct, not less than the amount claimed in said notice, conditioned for the payment of any judgment which may be rendered against the property. The sureties on said bond must justify in at least double the sum named in said bond. A copy of said bond, with notice that the sureties will justify before the court or a judge thereof, at the time and place therein named, not less than five days thereafter, must be served on the claimant or his attorney. Upon the approval of said bond by the court or a judge thereof, an order discharging such lien may be made by the court or a judge thereof."

J. C. & H. C. Smith & Koepke, (Herman F. Koepke, of counsel,) for plaintiff.

William North, for defendants.

CLEMENT, C. J. I am inclined to follow the decision in Copley v. Hay, (Com. Pl. N. Y.) 12 N. Y. Supp. 277. When money is deposited, the foreclosure is against the fund. Ward v. Kilpatrick, 85 N. Y. 413, 418. When a bond is given, as in this case, the lien is discharged, and the lienor cannot foreclose against the land, and may sue upon the bond. The owners or persons against whom the lien is filed execute a bond with two or more sureties in order to cancel the same. If the owner and contractor are different persons, and the contractor files a bond, the owner has no interest thereafter, for the lien is discharged.