## HIGHTON et al. v. DESSAU.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. PAROL EVIDENCE—TO EXPLAIN WRITTEN CONTRACT.
   In an action to foreclose a mechanic's lien entered on a contract to do mason work, plaintiff may introduce as witnesses experts in the trade, to show that mason work does not include "plastering and whitewashing." *Cassidy* v. *Fontham,* (Com. Pl. N. Y.) 14 N. Y. Supp. 151, followed.

2. BUILDING CONTRACT—PERFORMANCE—INTERFERENCE OF OWNER.
   Where a contract for mason work to be done on a building by plaintiff provided that a certain payment should be made when the mason work was completed, and plaintiff was delayed in his work on account of the delay of the work of another independent contractor, which had to be done first, and plaintiff used all diligence in going on with the work after it was possible for him to do so, and went prepared to finish the job, when he was ordered off by the owner, who had put other men on the work, it was a substantial compliance, and entitled plaintiff to his payment.

3. SAME—SUBSTANTIAL PERFORMANCE.
   Small and unimportant portions of the work, remaining undone by plaintiff, are not sufficient to preclude his right to a payment which is not a final payment, where such work could readily have been done thereafter, and there was no proof but that it would have been done had the payment been made.

4. SAME—ARCHITECT'S CERTIFICATE.
   The fact that the architect unreasonably refused to give plaintiff a certificate, on the ground that he had not done the plastering and whitewashing, could not preclude the plaintiff from recovering.

Appeal from judgment on report of referee.

Action by Richard Highton and others against Simon Dessau. From a judgment entered on the report of a referee in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Leon Lewin,* for appellant. *William Irwin,* for respondents.

BOOKSTAVER, J. This action was brought to foreclose a mechanic's lien. The first question to be considered on this appeal is the one raised by respondent's counsel, as to what was denied in the answer. From a careful examination of the pleadings, we are convinced he is wrong in supposing that the second paragraph of the answer, which contains a denial of the fifth and sixth allegations of the complaint, was intended to refer to distinct allegations in the various paragraphs of the complaint; but we think the denial was intended to and did refer to the paragraphs themselves, as numbered and marked therein. So that whether or not the respondents had duly performed the work to be done by them, and whether they had or had not completed the contract alleged in the complaint, so as to become entitled to the fourth payment thereunder, and whether or not they had properly filed their lien, were issues to be tried. But we think the referee was fully justified, from the evidence offered in this case, in finding, as he did, in favor of respondents on these issues.

The two principal points raised by the defense were that the respondents were obliged, under their contract, to do plastering and whitewashing; and, *secondly,* that they unreasonably refused to complete the elevator shaft, and that some of the work which respondents should have done was done by the appellant after serving notice on the respondents, requiring them to do it. In answer to this the respondents claim that under their contract they were not bound to do the plastering and whitewashing, and therefore did not do it. In order to show this, they produced, as they had the right to do,—*Cassidy* v. *Fontham,* (Com. Pl. N. Y.) 14 N. Y. Supp. 151,—witnesses, experts in the trade, to show that mason work did not include plastering and whitewashing, and this testimony the appellant did not satisfactorily overcome. Besides, we think the contract itself shows that whitewashing and plastering were not intended to be included therein, because the seventh paragraph of the contract

states that "the parties of the second part agree to keep all the sand required for the mason work and plaster on the premises," thus making a clear distinction between the two.. It follows, therefore, that the notice served upon the plaintiffs in regard to doing this work was of no consequence, as they were not bound to do it, in any event.

As to the second contention, that the respondents unreasonably refused to complete the elevator shaft after notice, we think the referee, also, was correct. From the testimony it is very clear that some two or three weeks before it was possible to lay this fireproof brick in the elevator shaft the respondents had hoisted the brick from the ground floor, and placed it in position on the several floors of the building, ready for laying when the shaft was ready for the work. It was not possible to lay these brick until the skeleton of the shaft, which was composed of iron and was being erected by other contractors, was in place; and this iron could not be set up until the brick foundation of the shaft was completed. It appears by the testimony of several witnesses, and, as far as we have been able to see, was not contradicted by appellant, that the ironwork of the elevator shaft, which had been set in place, was not completed until the 24th of April, 1890. There is a good deal of conflict as to when the notice was served, if at all; the appellant's witness at first stating that it was on the 20th of April, but, when it appeared that that was on a Sunday, stated that it was afterwards. The respondents' contention is that the notice was not served at all, and also that on the 25th day of April they, or one of them, went to make arrangements for the work, saw Mr. Schneider, one of the appellant's architects, who promised to mail him a sketch of the shaft that evening, as the original design had been changed; but this he did not do. On the morning of the 26th of April, respondents went to the building, prepared to do their work, when they found that the appellant had put other men at it, and ordered them off. Even if the notice was served at all, it cannot avail the appellant, as it was served when it was impossible to proceed with the work, and the respondents used all diligence in going on with the work after it was possible to do so. There was a good deal of dispute as to what was contained in the specifications, which were referred to in the contract, but it is admitted that none were signed by either party; and the respondents swore that the specifications they saw they got from the architect, and they contained the whole work of the building, and that they were directed to estimate only on the mason work. In this they are to some extent confirmed by the appellant himself, and the witness William Shefton. According to the terms of the contract the fourth payment was to be made when the mason work was completed. Consequently the only question in this case was whether or not this work was completed at the time the fourth payment was demanded and refused. As before shown, the mason work required by the contract was all done, as far as the appellant permitted the respondents to do so, and we think the respondents were entitled to the full amount of that payment. There were several small amounts in the bill of particulars concerning the cleaning of the cellar and removing of dirt, etc., therefrom. It may be quite possible that all of this work was not done by the respondents when they claimed the fourth payment; but as there was to be a fifth and final payment 30 days after the completion of the building, it is, in our judgment, immaterial whether or not this rubbish was removed at the time, as they had ample opportunity to do so afterwards, and there is no proof but that they would have done it, had the payment been made. Substantial performance is sufficient, although a small and unimportant portion remains undone,—*Flaherty* v. *Miner*, (N. Y. App.) 25 N. E. Rep. 418; *Hollister* v. *Mott*, (Sup.) 10 N. Y. Supp. 409; and if the respondents were prevented by the acts of the appellant from the completion of the work, they were entitled to recover the full amount of the fourth payment,—*Stewart* v. *Keteltas*, 36 N. Y. 388; *Jenks* v. *Robertson*, 58 N. Y. 621; *Leslie* v. *Insurance Co.*, 63 N. Y.

27; *Kingsley* v. *City of Brooklyn*, 78 N. Y. 200. The item of $7.75 for a coal chute, and the other claims made by appellant, were properly disallowed, as the contract did not call for the respondents making them.

Appellant also claims that the judgment should be reversed because the respondents did not procure the architect's certificate, as required by the contract; but from the evidence it appears that the architect refused to give the certificate because the plastering had not been done, and for this reason only. As before shown, the respondents were not bound to do this. Therefore, it was improperly withheld; and where an architect's certificate is demanded, and unreasonably refused, it is not a condition precedent, but there can be a recovery notwithstanding. *Thomas* v. *Fleury*, 26 N. Y. 33, 34; *Bowery Nat. Bank* v. *Mayor, etc.*, 63 N. Y. 339; *Nolan* v. *Whitney*, 88 N. Y. 650; *Smith* v. *Alker*, 102 N. Y. 90, 5 N. E. Rep. 791; *Doll* v. *Noble*, 116 N. Y. 232, 233, 22 N. E. Rep. 406; *Flaherty* v. *Miner*, (N. Y. App.) 25 N. E. Rep. 418; *Thomas* v. *Stewart*, (N. Y. App.) 30 N. E. Rep. 577.

Although a bond was given to secure respondents' lien, the judgment was correctly entered as against the property, and is the only form in which one can be entered under the mechanic's lien act. *Copley* v. *Hay*, (Com. Pl. N. Y.) 12 N. Y. Supp. 277. The judgment should therefore be affirmed, with costs. All concur.