DAVID MURPHY and Another, Respondents, *v.* THE STICKLEY SIMONDS COMPANY, Appellant, Impleaded with Another.

*Foreclosure of a mechanic's lien — substantial performance of a building contract is sufficient — default, in the time of completion — equity.*

Upon the trial of an action brought to foreclose a mechanic's lien, for the amount claimed to be due upon a building contract, the question whether there was a substantial performance of the contract, under which the lien under foreclosure was filed, is one of fact to be determined upon all the evidence and circumstances relating thereto, and a substantial performance of the contract is sufficient to sustain the lien.

Where the failure to complete a building contract, within the time specified therein for the completion thereof, is due to a delay caused by the owner of the building which is the subject of the contract, the failure to complete it within such time does not prevent the recovery by the contractor of the contract price.

The question of the substantial performance of a contract by a contractor depends somewhat upon his good faith. If he has intended and tried to comply with the contract and has succeeded, except as to some slight things omitted by inadvertence, he will be allowed to recover the contract price, less the amount necessary to fully compensate the owner for the damages sustained by the omission.

Where there has been a substantial performance of a contract, and there are minor defects and deficiencies which can be compensated for in damages, a recovery should be allowed for the amount justly and equitably due to the contractor.

An action brought to foreclose a mechanic's lien is an action in equity, and the court will use every effort to do substantial justice between the parties.

APPEAL by the defendant, The Stickley Simonds Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 3d day of April, 1894, upon the report of a referee, with notice of an intention to bring up for review on such appeal the said judgment, the referee's report, and all questions of fact and law, the exceptions taken upon the trial and the exceptions to the report of the referee and his refusal to find.

The referee awarded damages for the balance due upon a building contract, and also $450 for extra work performed and materials furnished to the appellant, finding a total amount in favor of the plaintiffs for damages of $5,416.66, including interest. Defendant took several exceptions during the progress of the trial, and filed exceptions to the referee's report, and to refusals of certain requests made for further findings.

*F. J. Farrington, Jr.*, for the appellant.

*W. P. Gannon*, for the respondents.

HARDIN, P. J.:

Plaintiffs, co-partners and contractors, on the 4th day of May, 1892, entered into a contract with the Stickley Simonds Company of the city of Auburn, to furnish materials necessary for the erection and completion of all work, according to plans and specifications prepared by an architect, for the erection of a factory building at Eastwood Heights near the easterly limits of the city of Syracuse, and the defendant stipulated to pay therefor the sum of $22,000, payments to be made " during the progress of the work upon the estimate of the architect." The owner reserved " the privilege of changing any part of the labor or materials without in any way invalidating the contract." The contract contained a provision, viz.: " All questions arising under this contract as far as labor, materials, etc., may be concerned, shall be decided by the architect, and his decision shall be binding and final." It was provided in the specifications, viz.: " The proprietors shall have the right to make any alterations, additions or omissions of work or materials herein specified or shown on the plans, during the progress of the work, that he may find necessary, and the same shall be acceded to by

the contractor or contractors and carried into effect without in any way violating or vitiating the contract." It was further provided in the specifications, viz.: "The architect and proprietors shall have full power at any time during the progress of the work to reject any materials that they may deem unsuitable for the purposes for which they are intended, or which are not in strict conformity with the spirit of these specifications."

On the 10th of October, 1892, the architect having made an inspection of the factory building, certified that John W. Gee has "satisfactorily completed his contract for carpenter work on the same, and is entitled to the balance of money due by the terms of the contract." On the 10th of October, 1892, the contractors verified a claim and notice of a lien, and filed the same with the clerk of Onondaga county, in which they claim the principal sum of $8,723.40 and interest from the 10th of October, 1892, "for the price and value of such labor and service and materials, upon such house, building or factory and appurtenances, and upon the lot, premises, parcel and farm of land upon which the same stands." Prior to the filing of the lien several payments had been made upon the contract, and the next day after the same was filed, to wit, on October 11, 1892, the further payment of $2,250 was made on the contract, and on the 9th of January, 1893, this action was commenced to foreclose the mechanic's lien, and the amended complaint asked to recover the balance of $6,543.40, and $600 for extra work. The defendant The Stickley Simonds Company answered admitting the execution of the contract and alleged its non-performance and set up certain defects and counterclaimed therefor. The referee found as matter of fact, viz.: "The plaintiffs, under and pursuant to the terms of said contract, substantially performed the work and furnished the materials called for by said plans and specifications for the erection of said factory building, and substantially complied with said contract." That finding is challenged by the appellant. Upon the hearing extensive evidence was given upon the question involved in the finding in behalf of the plaintiffs, and evidence tending to the contrary was offered by the appellant. We are of the opinion that the finding made by the referee is not against the weight of evidence, and that his conclusion upon the whole evidence in that regard should be accepted. It is now well settled that whether there was a substantial

performance is a question of fact to be determined upon all the evidence and circumstances relating thereto. (*Phillip* v. *Gallant*, 62 N. Y. 257; *Glacius* v. *Black*, 50 id. 145; *Nolan* v. *Whitney*, 88 id. 648; *Lewis* v. *Yagel*, 77 Hun, 336.) And it has been held in numerous cases that a substantial performance of a building contract is sufficient to sustain the right of a lien. (*Wright* v. *Roberts*, 43 Hun, 413; *Van Clief* v. *Van Vechten*, 48 id. 304; *Hollister* v. *Mott*, 32 N. Y. St. Repr. 743; *Heckmann* v. *Pinkney*, 81 N. Y. 211; *Lewis* v. *Yagel*, 77 Hun, 336; *Van Clief* v. *Van Vechten*, 130 N. Y. 579.) In *Van Clief* v. *Van Vechten* (*supra*) VANN, J., said: "The question of substantial performance depends somewhat on the good faith of the contractor. If he has intended and tried to comply with the contract and has succeeded, except as to some slight things omitted by inadvertence, he will be allowed to recover the contract price, less the amount necessary to fully compensate the owner for the damages sustained by the omission." (See page 579.) It is contended in behalf of the appellant that the plaintiffs willfully refused and neglected to perform the contract according to the plans and specifications. Upon looking into the evidence before the referee we are of the opinion that it does not sustain the contention of the appellant, but, on the contrary, it warrants the conclusion that the defects and deficiencies for which the referee awarded damages to the appellant did not accrue by reason of any intentional or willful purpose on the part of the contractors. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571-579; *Lewis* v. *Yagel*, *supra*.) Although the contract was not completed within the time specified there was evidence warranting a finding that the failure was due to the delay which the defendant caused, and, therefore, such failure to complete does not prevent a recovery. (*Beinhauer* v. *Gleason*, 15 N. Y. St. Repr. 227; S. C. affd., 119 N. Y. 658; *Close* v. *Clark*, 9 N. Y. Supp. 538.) It seems the appellant failed to procure a switch from the railroad company so that the materials could be brought to the location of the building, and the appellant caused some delay by failure to get machinery in the building, and the evidence discloses sufficient basis for a finding that the defendant waived the stipulation in the contract in regard to the time of completion of the contract. (*Smith* v. *Alker*, 102 N. Y. 87.) The referee specifies several minor defects and

deficiencies which were disclosed by the evidence and allows damages to the defendant in such sums as he deemed, upon the evidence, sufficient to remedy the defects and deficiencies. He found that it was worth only $150 to repair and properly set the window frames and sash in the building according to contract and specifications. It is contended in behalf of the appellant that the allowance is not sufficient, and that there was no other evidence than that given by Miles T. Gardinier, a witness who was called in behalf of the defendant, and who, upon that subject, said: " It would be worth between 400 and 500 dollars in order to put these windows and frames in a proper condition; the frames would have to be taken out, fixed and reset, and the sash refitted." The contention of the appellant in that regard cannot prevail. Colton, the architect, in the course of his cross-examination, testified: " I will swear positively that those windows could be properly constructed or reconstructed the day I was there in a half day by the best carpenter or workman," and he gave other evidence bearing upon the question of remedying the supposed defects in the windows. Inasmuch as the referee's finding is upon conflicting evidence, it should prevail. (*Scattergood* v. *Wood,* 14 Hun, 269; *Sinclair* v. *Tallmadge,* 35 Barb. 602; *Roosa* v. *Smith,* 17 Hun, 138.)

It is contended by the appellant that the findings of the referee are in conflict, inasmuch as after finding that there was a substantial performance of the contract he has found several minor defects and awarded damages therefor. It appears, however, that the contract price for the building was $22,000, and that the amount of damages which were allowed for the defects or deficiencies amounted to only about six per cent of the original contract price, and we think the referee kept within the rule which provides that where there has been a substantial performance of the contract, and there are minor defects and deficiencies which can be compensated in damages, a recovery should be allowed for the amount justly and equitably found due to the contractors.

Appellant contends that the lien filed is invalid, and contends that the plaintiffs well knew at the time it was filed that they had not actually completed all the work and furnished all the materials called for by their contract. The assumption of the appellant is contrary to the evidence offered by the plaintiffs, and the appellant

invites our attention to *Foster* v. *Schneider* (50 Hun, 151), which differs quite essentially from the case before us. There a plumbing contract had been made in respect to three houses, and when the lien was filed confessedly a large portion of the work had not been performed. The contract price was $2,400, and the referee found that the sum of $860 for services and materials would be required to complete the contract, and that on one of the houses it would require $330; and in *Close* v. *Clark* (30 N. Y. St. Repr. 672), it was said, viz.: "Confessedly, they (the contractors) had not attempted to provide several things called for by the contract," and reference was made to *Foster* v. *Schneider* (*supra*), and the notice was held to be insufficient. We think that case differs from the one in hand, as here the plaintiffs, according to the findings, had substantially performed all the work and furnished all of the materials to complete their contract and in good faith intended to complete the same, although it appears from the evidence there were subsequently found some defects and deficiencies for which compensation has been allowed by the referee. Besides, there is some evidence in the case tending to show that the building had been accepted and that the defendant had waived any defects; and as bearing upon that view of the case is the circumstance that after the lien was filed the defendant voluntarily paid $2,250 towards liquidation of its liability upon the contract as a completed contract.

(2) We think that the defendant was not prejudiced by the refusal of the referee to take the opinion of the witness as to how far it was necessary to remove the benches to avoid the dampness coming into the windows. The fact was received that the snow comes in and that dampness occurred by reason of the defects in the windows. We think the referee was sufficiently liberal in taking the facts relating to that subject.

(3) Nor do we think it was prejudicial error for the referee to allow, in the exercise of his discretion, the liberal latitude in the cross-examination of the witness Gardinier with a view of affecting his credibility.

(4) Nor do we think it was error to allow the witness Gee to state the experience he had had in the construction of buildings, with a view of qualifying him to speak upon the various questions upon which he was examined.

In *Close* v. *Clark* (30 N. Y. St. Repr. 672), which was an action to foreclose a mechanic's lien, the court observed : " This is an action in equity, and the court would, therefore, use every effort to do substantial justice between the parties."

The learned referee has exercised his sound judgment upon the sundry questions presented to him on the trial, and we are inclined to the opinion that his conclusion is in accordance with the rules of law and in furtherance of justice and equity.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.