---

(110 App. Div. 396.)

### BRANDT v. BURKE et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. MECHANIC'S LIEN—FORECLOSURE—PLEADING—ISSUES AND PROOF.

Plaintiff contracted to do the metal work on a certain building, to be paid for as the work progressed. The contract provided that the first payment should be made when all cornices, leaders, leader heads, gutters, flashing, and gravel roof was finished. After plaintiff had substantially laid the gutters, it was discovered that the frame furnished by defendant was not on a proper grade; and, a controversy arising as to who should bear the expense of relaying the same, plaintiff abandoned his contract and claimed a lien for work performed and material furnished at their quantum meruit value. Plaintiff's complaint, however, did not place his abandonment on defendant's refusal to relay the gutter, but alleged that such abandonment was because of defendant's failure to make payment of the installments due him under the contract, which the defendant met by allegation and proof that at the time defendant abandoned his contract the work, on performance of which the first payment was to become due, had not been substantially completed. *Held* that, as plaintiff could not recover on the cause of action alleged, it was not error for the court to dismiss the complaint.

**2. SAME—STATUTES—BURDEN OF PROOF.**

> Notwithstanding Laws 1897, p. 525, c. 418, § 22, declaring that the mechanic's lien law shall be liberally construed, the burden is upon the lienor to show that there was a sum due on which his lien might attach and that he substantially performed his contract.

Appeal from Special Term, New York County.

Action by Frederick Brandt against Luke A. Burke, impleaded with others. From a judgment dismissing plaintiff's complaint, with costs, he appeals. Affirmed.

See 90 N. Y. Supp. 929.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Richard T. Green, for appellant.

W. F. Kimber, for respondents

HOUGHTON, J. The defendant Burke was contractor for the erection of a school building for the city of New York. He contracted with the plaintiff to all metal work upon the building, exterior and interior, including a gravel roof, at a stipulated price, the work to be performed in conjunction with other contractors as their work progressed. Payments were to be made upon the completion of certain parts. The work specified as to the second payment was first completed, and that payment was made before any controversy arose. What is denominated as the first payment of $1,600, was to be made "when all cornices, leaders, leader heads, gutters, flashing, and gravel roof is finished." Certain of the gutters were of copper, and plaintiff had substantially laid them, when it was discovered that the wooden frame upon which they were laid, which was furnished by defendant Burke, was wrong as to grade, necessitating a tearing up and relaying. Controversy arose as to who should bear the expense of this, the plaintiff claiming that it was no fault of his, and the defendant Burke insisting that the plaintiff should bear the expense of the change. The result was an abandonment by the plaintiff of his contract, and the filing by him on the 23d of April, 1904, of a mechanic's lien for upwards of $4,000 for work performed and materials furnished at their quantum meruit value. This action is brought to foreclose that lien, and the trial resulted in a judgment for the defendant from which the plaintiff appeals.

The difficulty is with the complaint and the issue upon which the action was tried. The plaintiff did not yet put the abandonment of his contract upon the refusal of the defendant Burke to bear the expense of relaying the copper gutter, which was wrong because of the defendants' own mistake, and ask the value of that part of his contract already performed. He alleged that because of the failure and neglect of defendant Burke to make payment of the installments due him under the contract, he refused to further continue work thereon. The installment thus alleged to have been wrongly withheld was what is designated as the first installment of $1,600, which was to be paid upon the completion of the gravel roof, cornices, leaders, gutters, and flashing. The defendant met this issue and showed by a

preponderance of proof that the plaintiff had, in no sense, substantially performed his contract so as to make the payment of $1,600 due. Aside from the copper gutter, it was shown that the roof was not properly constructed and leaked; that the leaders were not in place, nor the leaders heads; that flashing was not properly done; and that the cornices were not finished; and that a roof was to be put on certain sheds which were not yet erected. There was no request to amend the complaint on the trial, and the defendant took the specific point that the plaintiff's complaint should be dismissed because he had failed to establish the cause of action which he had alleged. We should be glad to save the plaintiff from this judgment if we could, for it is quite apparent that he has done some work for which he has not received his pay. But in view of the issues made by the pleadings, and the course of the trial, we see no way in which it can be done.

Notwithstanding the injunction of the Legislature that the mechanic's lien law shall be liberally construed to secure its beneficial purposes (Laws 1897, p. 525, c. 418, § 22), the courts have been compelled to say that the burden was upon the lienor to show that there was a sum due, or to become due, upon which his lien might attach (Brainard v. County of Kings, 155 N. Y. 538, 50 N. E. 263), and that he must have substantially performed in order to be entitled to a lien (Murphy v. Stickley Simonds Co., 82 Hun, 158, 31 N. Y. Supp. 295, affirmed 152 N. Y. 626, 46 N. E. 1149), and that in an action to foreclose his lien the trial should be conducted and a conclusion reached secundum allegata et probata. Beecher v. Schuback, 1 App. Div. 359, 37 N. Y. Supp. 325, affirmed 158 N. Y. 687, 53 N. E. 1123; Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812.

The plaintiff alleged that he so performed all the conditions of his contract, except so far as they were waived or prevented by the defendant Burke, as to entitle him to the first payment in controversy as well as the second one which he had received. The defendant did not prevent the performance of plaintiff's contract, except in so far as may be inferred from his unreasonable demands with respect to relaying the copper gutter. Eliminating that portion of the contract which plaintiff was to perform, the other parts were not substantially performed. Where a party alleges performance on his part he cannot recover without establishing that fact. Stern v. McKee, 70 App. Div. 142, 75 N. Y. Supp. 157; Burr v. Union Surety & Guaranty Co., 86 App. Div. 545, 83 N. Y. Supp. 756.

The court properly tried the issues presented by the pleadings, and the conclusion which he reached was amply sustained by the proofs, and the judgment must be affirmed, with costs. All concur.